UNION NATIONAL BANK v. A. GARLAND JONAS AND ALEXANDRIA L. JONAS.

(Filed 3 November, 1937.)

**1. Limitation of Actions § 18: Seals § 2—Introduction of note appearing upon its face to be under seal raises presumption to that effect.**

The introduction in evidence of a note appearing on its face to be under seal, with deed of trust securing same referring to the note as a bond, without evidence on the part of the maker that he did not intend to adopt

the seal appearing upon the note, is sufficient to support a directed verdict that the note is not barred by the three-year statute under the presumption arising from the evidence that the note was under seal.

2. **Limitations of Actions § 18: Bills and Notes § 10a—Person signing note on its face is presumed to be maker.**

Where a wife signs a note with her husband on its face, she is presumed to be a maker, and where she does not offer evidence tending to rebut this presumption, or allege that she signed the note as surety, introduction in evidence of the note under seal is sufficient to support a directed verdict that the action on the note was not barred as to either by the three-year statute.

APPEAL from *Johnston, J.,* at the May Term, 1937, of CALDWELL. No error.

This is a civil action to recover balance due on promissory note signed by the defendants and appearing upon its face to be under seal. The note on its face makes reference to a trust deed and the trust deed describes the note as a bond. There was a first mortgage on the premises described in the trust deed securing this note, which first lien has been foreclosed.

The defendants, answering, admitted that they executed a note to the plaintiff, not under seal, but denied upon information and belief the correctness of the copy attached to the complaint and pleaded the three-year statute of limitations.

At the trial the plaintiff offered evidence as to the execution of the note and as to the balance due thereon, introduced the note in evidence and rested.

While the defendant, A. Garland Jonas, testified in his own behalf, he did not in his testimony, at any time, deny the adoption by him of the seal appearing upon the note. The *feme* defendant did not testify. The note was signed 12 August, 1932, and credits appeared thereon subsequent to that date. Summons was issued 22 May, 1936. The jury under the instructions of the court answered the issues adversely to the defendants and the defendants appealed.

*B. F. Williams for plaintiff, appellee.*
*Newland & Townsend for defendants, appellants.*

PER CURIAM. The note bearing seals opposite the names of the respective makers constitutes presumptive evidence that the note was under seal. This was fortified by the reference appearing in the face of the note to the trust deed securing the same. The defendants offered no evidence in rebuttal. It follows that the note was not barred by the three-year statute of limitations and that the instructions of the court

were correct. This case is controlled by *Allsbrook v. Walston, ante,* 225, and cases there cited.

A person who signs a note upon its face is, under the statute, presumed to be a maker. This presumption may be rebutted by competent testimony. The *feme* defendant, however, did not in her answer set up the defense that she was a surety upon said note, nor did she offer any evidence to that effect. In the trial below there was

No error.