WILLIAM P. GRIMES v. MARY RAKER GRIMES

No. 7922SC736

(Filed 17 June 1980)

1. **Bills and Notes § 8; Uniform Commercial Code § 32; Husband and Wife § 1.1– spouses co-makers of promissory note – wife primarily liable – no presumption of gift from husband to wife**

   When two or more persons execute a note as makers, they are jointly and severally liable unless the language of the note clearly indicates the contrary, and because of the joint and several nature of a maker's obligation under a note, a co-maker who pays the instrument is entitled to contribution from other co-makers; furthermore, a co-maker's right to contribution is unaffected by the marital relationship of the parties to a note, and where the wife executes a promissory note as co-maker with her husband, she is primarily liable thereunder. Therefore, the trial court erred in determining that there was a presumption of gift from plaintiff husband to defendant wife where both executed a promissory note and plaintiff paid the note, and that plaintiff failed to rebut that presumption.

2. **Bills and Notes § 8; Uniform Commercial Code § 32– promissory note executed by spouses – capacity in which wife signed in issue**

   In an action by plaintiff husband to recover from defendant, his former wife, one-half of the amount he paid on a note executed by both plaintiff and defendant while they were separated though still married, the case is remanded for a determination of the capacity in which defendant signed the note, since, as between the parties jointly and severally liable under a note, the true relationship existing between the parties may be revealed to alter the otherwise absolute obligation of the signers.

APPEAL by plaintiff from *Collier, Judge.* Judgment entered 22 March 1979 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 27 February 1980.

Plaintiff seeks to recover from his former wife $13,800, one-half of the amount he paid to retire a debt owed Lexington State Bank of Lexington, North Carolina, in the amount of $27,600. The note was executed by both plaintiff and defendant while they were separated though still married. At a nonjury trial, defendant moved for and was granted an involuntary dismissal under G.S. 1A-1, Rule 41(b). Plaintiff appeals.

Further facts pertinent to this appeal are related below.

*Wilson, Biesecker, Tripp and Wall, by Joe E. Biesecker, for plaintiff appellant.*

*Grubb, Penry and Penry, by Phyllis S. Penry, for defendant appellee.*

MORRIS, Chief Judge.

[1] Upon making findings of fact with respect to the circumstances surrounding the execution of the note in question and plaintiff's and defendant's use of the loan proceeds therefrom, the trial judge made the following conclusions of law:

> 1. That the plaintiff is presumed to be legally obligated for the support of his wife and family.
>
> 2. That if a wife receives and uses her husband's money there is a presumption of gift in the absence of the contract to repay.
>
> 3. There is no evidence to rebut the above stated presumption and there exist no express contract between the parties for repayment.
>
> 4. There is no evidence that the plaintiff [sic] received any benefit other than that accorded to her by her marital status from the loan in question.

We certainly agree with the court and defendant that, nothing else appearing, the law presumes a gift where there is a transfer of realty or personalty from husband to wife. In *Underwood v. Otwell*, 269 N.C. 571, 153 S.E. 2d 40 (1967), the Court stated the following:

> It is established law in this State that when a husband purchases land and causes it to be conveyed to his wife, the law presumes that the land is a gift to the wife, and no resulting trust arises. [Citations omitted.] Similarly, a gift is presumed when the husband pays for personalty and procures title either in the wife's name or in their joint names.

Grimes v. Grimes

269 N.C. at 574, 153 S.E. 2d at 43. It is also true that at common law, a note evidencing a debt executed jointly by husband and wife rendered the husband liable on the note, but not the wife. *See Taft v. Covington*, 199 N.C. 51, 153 S.E. 597 (1930). *See generally* 41 C.J.S., *Husband and Wife* § 185(b) (1944). However, this rule no longer obtains. G.S. 52-2. Now where the wife executes a promissory note as a co-maker, she is primarily liable thereunder. *Taft v. Covington, supra; Union National Bank v. Jonas*, 212 N.C. 394, 193 S.E. 265 (1937); *Davis v. Cockman*, 211 N.C. 630, 191 S.E. 322 (1937). *See Wilson v. Vreeland*, 176 N.C. 504, 97 S.E. 427 (1918). This result follows from the rule that, nothing else appearing, a person signing his or her name at the bottom of the face of a promissory note is a maker thereof, and is primarily liable thereon. *Union National Bank v. Jonas, supra. See O'Grady v. First Union National Bank*, 296 N.C. 212, 250 S.E. 2d 587 (1978).

With respect to the applicability of the Uniform Commercial Code, as adopted in North Carolina, on the negotiable note in question, it is clear that the liability of a person signing a negotiable instrument is determined by the capacity in which one executes the instrument. Under G.S. 25-3-413(1), the maker "engages that he will pay the instrument according to its tenor at the time of his engagement . . . ." A maker's liability is unconditional and absolute. When two or more persons execute a note as makers, they are jointly and severally liable, unless the language of the note clearly indicates the contrary. G.S. 25-3-118(e); *O'Grady v. First Union National Bank, supra*. Because of the joint and several nature of a maker's obligation under a note, when one co-maker pays the instrument he is entitled to contribution from other co-makers. *Raleigh Banking and Trust Co. v. York*, 199 N.C. 624, 155 S.E. 263 (1930); *Wachovia Bank and Trust Co. v. Black*, 198 N.C. 219, 151 S.E. 269 (1930); *Lancaster v. Stanfield*, 191 N.C. 340, 132 S.E. 21 (1926). *See Wilson v. Vreeland, supra*.

We are of the opinion that a co-maker's right to contribution is unaffected by the marital relationship of the parties to a note. This case is different from those situations to which a presumption of gift attaches, because in those cases the wife had been given merely a transfer of value from the husband. Here,

Grimes v. Grimes

however, the wife has personally obligated herself under the note. Defendant, as a co-maker, has an absolute and unconditional obligation under the note. The fact that the proceeds from the loan were used during the marriage is of no moment. At any rate, plaintiff and defendant were divorced at the time plaintiff paid the balance due under the note. No presumption of gift arises, therefore, from plaintiff's retiring the debt. Accordingly, we overrule the trial court's conclusions in this regard.

[2] The capacity in which defendant signed the note is a question which must be answered. As between the parties jointly and severally liable under a note, the law is settled that the true relationship existing between the parties may be revealed to alter the otherwise absolute obligation of the signers. Thus, evidence has been held admissible to show that a surety on the face of a note and an accommodation endorser are actually co-sureties by virtue of a separate agreement among themselves. *Lancaster v. Stanfield, supra.* We believe justice would be best served if this case were remanded to the trial court for a determination of the capacity in which defendant signed the note, and so hold.

Since the trial judge will be charged with the duty, on remand, to make new findings of fact and conclusions of law based on the evidence adduced on further hearing, we need not discuss defendant's first two assignments of error dealing with certain of the court's findings.

Reversed and remanded.

Judges VAUGHN and ARNOLD concur.