Crump v. Coffey

———————

HELEN COFFEY CRUMP v. CHARLES ODELL COFFEY

No. 8225DC38

(Filed 16 November 1982)

1. **Appeal and Error § 45.1— failure to argue assignment of error—deemed abandoned**

   Where defendant noted in the record several exceptions to the admission of evidence, and made these exceptions on the basis of an assignment of error in the record, but did not bring forward and argue this assignment of error in his brief, it was deemed abandoned.

**2. Rules of Civil Procedure § 41— trial without jury—motion to dismiss pursuant to Rule 41**

The defendant erred in arguing that the trial judge erred in denying his "motion to dismiss pursuant to Rule 50," since in actions tried before a judge without a jury, a motion to dismiss is made pursuant to Rule 41(b).

**3. Appeal and Error § 26— findings of fact and supporting conclusions of law**

Although defendant failed to refer to an exception or assignment of error when arguing that the trial court erred in entering judgment for the plaintiff, the Court could consider the argument because the defendant did except to the judgment. App. Rule 10(a). However, a review of the findings of fact show they support the conclusions of law drawn therefrom.

APPEAL by defendant from *Mullinax, Judge*. Judgment entered 2 September 1981 in District Court, CALDWELL County. Heard in Court of Appeals 9 November 1982.

This is a civil action wherein plaintiff seeks to recover one-half of the amount paid by her on a promissory note of which she and the defendant were co-makers.

After a trial by the judge without a jury, the court made the following pertinent findings and conclusions:

. . .

(2) That on or about November 26, 1965, the Plaintiff and Defendant executed a promissory note in favor of the Equitable Life Assurance Society of the United States in the principal amount of $17,500.00.

(3) That the Plaintiff and Defendant separated on or about November, 1969 and entered into a final Judgment by consent in an action . . . that a portion of that Consent Judgment reads as follows with regard to the note executed by the parties on or about November 26, 1965:

". . . Defendant shall pay one-half of said total amount as the same shall become due."

. . .

(4) That the Defendant signed said note as a co-maker.

(5) That on or about March 1, 1976, the Plaintiff made a payment due under said note to the Equitable Life Assurance Society of the United States in the amount of $350.00. That

on or about June 1, 1976, the Plaintiff made a payment due under said note to the Equitable Life Assurance Society of the United States in the sum of $346.72.

(6) That on or about June 29, 1976 the Plaintiff made a payment to the Equitable Life Assurance Society of the United States in the amount of $8,352.13, which sum represented a final payoff of said note; that as a result of said payment, the note executed by the parties on or about November 26, 1965 was fully paid and satisfied.

(7) That demand has been made by the Plaintiff on the Defendant for payment of one-half of the amounts paid by the Plaintiff, which amounts represent his liability on the note.

(8) That with the exception of $1,200.00 which was paid by the Defendant and credited by the Plaintiff against said obligations, the Defendant has failed and refused to make any payment on said liability to Plaintiff and said refusal was without just cause or legal defense.

(9) That the total sum now due and owing from the Defendant to the Plaintiff is the sum of $3,924.42.

From a judgment that plaintiff recover of the defendant the sum of $3,924.42 plus interest at the rate of eight (8%) percent interest from 29 June 1976, defendant appealed.

*Sigmon, Clark and Mackie, by Jeffrey T. Mackie, for plaintiff, appellee.*

*Wilson, Palmer & Cannon, by Bruce L. Cannon, for defendant, appellant.*

HEDRICK, Judge.

[1]  Although defendant has noted in the record several exceptions to the admission of evidence, and has made these exceptions the basis of an Assignment of Error in the record, he has not brought forward and argued this Assignment of Error in his brief. It is, therefore, deemed abandoned.

[2]  The defendant argues in his brief, without reference to an Exception or Assignment of Error, that the trial judge erred in denying his "motion to dismiss pursuant to Rule 50." Rule 50 has

no application to trials before the Judge without a jury. In actions tried before the judge without a jury a motion to dismiss is made pursuant to Rule 41(b).

[3] The defendant argues in his brief, again without reference to an Exception or Assignment of Error, that the trial court erred in entering judgment for the plaintiff. We consider this argument because the defendant did except to the judgment. Appellate Rule 10(a).

An exception to the judgment presents the question of whether the facts found support the conclusions of law made, and whether the judgment is in proper form. We have carefully considered the Findings of Fact and hold they support the Conclusions of Law drawn therefrom, and support the judgment entered. The finding that the plaintiff and the defendant were comakers of the note coupled with the finding that the plaintiff paid the entire balance due on the note support the conclusion that the defendant is indebted to the plaintiff for one-half of the amount paid. *Grimes v. Grimes*, 47 N.C. App. 353, 267 S.E. 2d 372 (1980).

Affirmed.

Judges WEBB and BECTON concur.