DAVID J. LUDWIG v. LARRY L. WALTER AND WIFE, SUZANNE R. WALTER

No. 8425SC1135

(Filed 2 July 1985)

1. **Partnership § 3— promise to convey realty to partner—statute of frauds**

G.S. 59-40(c), which recognizes that partnership property may be held by one but not all partners, and G.S. 59-56, which makes a partner's interest in partnership property, even real property, a personal property interest, did not render the statute of frauds of G.S. 22-2 inapplicable to defendant partner's alleged promise to convey to plaintiff partner an interest in realty in exchange for cash contributions to capital.

2. **Partnership § 3; Frauds, Statute of § 6— land as partnership asset—written agreement—statute of frauds**

Land owned individually by one who enters into a partnership cannot become a partnership asset absent some written agreement sufficient to satisfy the statute of frauds.

3. **Partnership § 9.2— partnership note—liability for interest—repayment from partnership funds**

The evidence supported the trial court's finding that defendant partner did not promise to pay the interest on a note executed in furtherance of the partnership. However, the court should have determined the nature of the note and ordered it repaid out of partnership funds if possible.

4. **Partnership § 3— mortgage payments—failure to credit partner's account**

The trial court did not err in failing to credit plaintiff partner's account for half the mortgage payments made on realty during the life of the partnership, although such payments were made by checks from the partnership account, where the property belonged solely to defendant partner, rent payments were made solely to defendant and were deposited in the partnership account, and there was no evidence that defendant, by writing checks from the partnership account to pay the mortgage, intended the payments to be on behalf of the partnership.

5. **Partnership § 9— dissolution**

An order for dissolution of a partnership, having been prayed for and not resisted, was appropriate. G.S. 59-62.

APPEAL by plaintiff from *Lamm, Charles A., Judge.* Judgment entered 14 June 1984 in CATAWBA County Superior Court. Heard in the Court of Appeals 14 May 1985.

Plaintiff sued defendants seeking recognition of an oral partnership agreement, an accounting, an interest in certain real property, and dissolution of the partnership. The evidence showed an informal partnership arrangement beginning in 1978 to purchase and operate several pieces of real property. Capital and maintenance funds were contributed and spent on an *ad hoc* informal basis, with little formal account keeping. Disputes arose over whether contributions to capital balanced and over other matters, resulting in the present lawsuit. Because of the disputes, partnership obligations went into default and two properties in Hickory were sold at foreclosure. The partnership apparently retained substantial assets from the sales. Pending trial, defendant Suzanne Walter obtained a divorce from Larry Walter; she had only a nominal role in partnership affairs.

The case was heard before the court without a jury. The evidence as to various oral agreements conflicted sharply. The court determined that a partnership had existed, and that plaintiff was entitled to $4,080.20 from defendant Larry Walter to equalize capital, as well as an equitable lien of $500.00 against defendants' property in Mount Pleasant, Cabarrus County. The court dismissed Suzanne Walter from the case. Plaintiff appealed.

*Bryce O. Thomas, Jr., for plaintiff.*

*Rudisill & Brackett, P.A., by J. Steven Brackett, for defendant.*

WELLS, Judge.

Defendant Suzanne Walter had only a nominal interest in these proceedings and we allowed her motion to dismiss the appeal as to her on 6 May 1985. That portion of the court's order dismissing the case as to her is therefore affirmed. All references hereinafter to "defendant" are to Larry Walter.

Plaintiff first assigns error to the court's refusal to award him a one-half interest in the Mount Pleasant property. Plaintiff claimed that upon formation of the partnership, defendant promised to convey to him the interest in exchange for cash contribu-

tions to capital. Defendant denied any such agreement and timely pleaded the Statute of Frauds. N.C. Gen. Stat. § 22-2 (1965). That statute requires some written memorandum of the contract, containing all the essential features of an agreement to sell. *Kidd v. Early*, 289 N.C. 343, 222 S.E. 2d 392 (1976). None of the documents cited by plaintiff fit these requirements. Partnership tax returns listing the Mount Pleasant property as a partnership asset may reflect nothing more than defendant's intent to give the partnership the tax benefits of its depreciation. A lease signed by defendant and plaintiff merely designates them as "partners in common" without defining that term or indicating their ownership of the property or any arrangement for the partnership to operate it. The lease never took effect in any event. The other documents cited by plaintiff also fail to satisfy the Statute of Frauds. We note in this context that the evidence clearly showed that defendant purchased the property in his own right and consistently received the rent payments under oral agreement between himself and the tenants. We conclude that the court could and did properly find that plaintiff had failed to satisfy the statute's requirement of some written memorandum evidencing a contract or agreement to sell an interest in the Mount Pleasant property.

[1, 2]  Relying principally on the provisions of N.C. Gen. Stat. § 59-40(c) (1982), which recognizes that partnership property may be held by one but not all partners, read in conjunction with N.C. Gen. Stat. § 59-56 (1982), which makes a partner's interest in partnership property, even real property, a personal property interest, plaintiff contends in essence that the Statute of Frauds does not apply. This argument presupposes that the Mount Pleasant property was originally brought into the partnership, which the court, on conflicting evidence, found did not occur. Moreover, the general rule is that land owned individually by one who enters into a partnership cannot become a partnership asset absent some written agreement sufficient to satisfy the Statute of Frauds. 60 Am. Jur. 2d *Partnership* § 98 (1960). While we have found no North Carolina case so holding, such a rule conforms to public policy of this state. The Statute of Frauds is a firmly established feature of our real property law, and we do not believe the General Assembly intended to abrogate it *implicitly* by enacting the partnership statutes. The court's order denying plaintiff an interest in the Mount Pleasant property was accordingly proper.

Plaintiff's next two assignments of error concern a $12,000.00 note signed by himself and defendant. Plaintiff contends (1)(a) the court should have declared the note a partnership obligation and (b) ordered it paid out of the partnership assets and (2) the court erred in not ordering defendant to pay the interest accrued thereon. Regardless of whether the note was signed by plaintiff and defendant as individuals or as partners, its legal effect is the same. N.C. Gen. Stat. § 59-45 (1982); N.C. Gen. Stat. § 25-3-413 (1965); *Grimes v. Grimes*, 47 N.C. App. 353, 267 S.E. 2d 372 (1980). Nothing in the record suggests that the lender has exercised its right to payment "on demand."

[3] Nevertheless, it does appear that the note was executed in furtherance of the partnership, and that there may be partnership funds available to satisfy it. In the interest of resolving this matter, the court should have determined the nature of the note and ordered it repaid out of the partnership funds if possible. It will have an opportunity to do so, since we remand for other error. As to defendant's alleged promise to pay the interest on the note, the court had diametrically conflicting oral evidence before it. The note itself reflects no such promise. Its conclusion that there was no such promise, being supported by the evidence, is binding on this court.

Plaintiff assigns error to the court's finding of fact No. 15 as unnecessary. Since the finding did not contribute in any way to the judgment, we simply disregard it, without affecting our consideration of the other assignments.

[4] Plaintiff assigns as error the court's failure to credit his account for half the mortgage payments on the Mount Pleasant property during the life of the partnership, since these payments were made by checks from the partnership accounts. As noted above, the property belonged solely to defendant and rent payments were made solely to him. He deposited the payments in the partnership account. The fact that defendant then wrote checks from that account to pay the mortgage does not conclusively establish that he intended the payments to be on behalf of the partnership, particularly in light of the informal treatment of the property. We note that the court did not credit these deposits, nor the profit thereon (excess of rent over mortgage), to defendant's capital account. In light of the sketchy accounting and con-

flicting testimony as to oral agreement, we conclude that the court reached the correct result, supported by the evidence.

[5] Finally, plaintiff assigns error to the court's failure to dissolve the partnership in accordance with his prayer for relief. It appears that the court's order resolved all differences between the parties regarding liability to each other, and that the partnership would conduct no further business. The court has authority to order dissolution. N.C. Gen. Stat. § 59-62 (1982). Dissolution will not affect the liability of the partners, N.C. Gen. Stat. § 59-64 (1982), but will relieve the parties of further liability for each other's acts. N.C. Gen. Stat. § 59-65 (1982). Dissolution will enable the court to distribute the remaining partnership assets. N.C. Gen. Stat. § 59-68 (1982). An order of dissolution, having been prayed for and not resisted, undoubtedly was appropriate. The cause is remanded for further consideration of this issue on the existing record.

Affirmed in part; reversed and remanded in part.

Judges JOHNSON and COZORT concur.