## JONES v. SHOJI

[110 N.C. App. 48 (1993)]

WILLIAM H. JONES, IV; PATRICIA P. JONES AND WILLIAM H. JONES, III, PLAINTIFFS v. TRESSA H. SHOJI, DEFENDANT, AND THE YOUNG MEN'S CHRISTIAN ASSOCIATION OF FAYETTEVILLE, NORTH CAROLINA, INC., DEFENDANT-APPELLEE, AND THE MOST REVEREND F. JOSEPH GOSSMAN, BISHOP OF THE ROMAN CATHOLIC DIOCESE OF RALEIGH, NORTH CAROLINA AND HIS SUCCESSORS IN OFFICE; AND THE ROMAN CATHOLIC DIOCESE OF RALEIGH, NORTH CAROLINA, DEFENDANT, CROSS-CLAIMANT, APPELLANT

No. 9212SC453

(Filed 4 May 1993)

1. **Appeal and Error § 340 (NCI4th)— broadside attack—ineffective**

    Appellant failed to comply with Rule 10 of the North Carolina Rules of Appellate Procedure where appellant properly excepted to a large number of the court's findings of fact and the resulting conclusions of law and correctly referenced the assigned errors to the excepted findings, but failed to direct the Court of Appeals to specific findings it challenges, arguing instead the general denial of its claim for contribution and indemnification. This broadside attack renders individual exceptions and assignments of error ineffective to challenge particular findings of fact and the only question left is whether the findings of fact support the conclusions of law and the conclusions support the judgment.

    **Am Jur 2d, Appeal and Error §§ 417 et seq., §§ 648 et seq.**

2. **Indemnity § 7 (NCI4th)— joint venture—settlement of claim by insurance company—assets of joint venture—no indemnity**

    The trial court correctly denied the cross-claim of defendant Good Shepherd Catholic Church against the defendant YMCA where plaintiff was injured in an automobile accident with a van owned by the Church and used by the Church and the YMCA in an after school day care program; the Church and the YMCA had entered into a joint venture to run the program; there was a written agreement under which the Church agreed to carry insurance on its vans for the YMCA; plaintiff's claims against all defendants were settled and the settlement sums were paid by the insurer of the van; no money was paid by the Church toward the settlement; and the Church filed cross-claims against the YMCA for indemnity or contribution. The insurance was purchased because of the joint venture and was therefore an asset of the joint venture because the

benefit of having insurance naturally accrued to both parties. The insurance was obtained for the purpose of insuring the ·YMCA and its personnel who would be using the Church's vans in furtherance of the joint venture. Because the sums paid to plaintiff by the insurance company were paid out of an asset of the joint venture and not out of assets of the Church, the Church is not entitled to indemnity or contribution from the YMCA.

**Am Jur 2d, Indemnity §§ 15 et seq.**

Judge GREENE dissenting.

Appeal by defendant the Most Reverend F. Joseph Gossman and the Roman Catholic Diocese of Raleigh, North Carolina from judgment entered 7 February 1992 in Cumberland County Superior Court by Judge Orlando F. Hudson. Heard in the Court of Appeals 13 April 1993.

Plaintiffs instituted this personal injury action against defendants seeking damages for injury sustained by plaintiff William H. Jones, IV as a result of an automobile accident on 12 October 1987. The facts and circumstances giving rise to this cause of action are as follows:

The Most Reverend F. Joseph Gossman and the Roman Catholic Diocese of Raleigh, North Carolina, through the Good Shepherd Catholic Church of Hope Mills, North Carolina (hereinafter collectively called "the Church") entered into a joint venture with the Young Men's Christian Association of Fayetteville, North Carolina, Inc., (hereinafter "the YMCA") to run an after school day care program. Under the written agreement, the YMCA undertook the duties and responsibilities to oversee and operate the program on the Church premises while the Church made available its facilities and vans, for use by the personnel employed in the after school program, to transport the children to its facility. In the contract, the YMCA agreed to reimburse the Church for any damage to buildings or equipment which might be caused by YMCA personnel or program participants, and the Church agreed to carry insurance coverage on its vans for the YMCA.

The written agreement, by its terms, expired in December 1986, but the Church and the YMCA continued to follow its terms in all respects until the date of the accident, 12 October 1987.

JONES v. SHOJI

[110 N.C. App. 48 (1993)]

On that day, employees of the after school program had taken the children to a local park to play. Afterwards, the children were loaded on one of the Church's vans for the return trip to Good Shepherd Church. Defendant Tressa Shoji, an employee of the after school program, was the operator of the van.

On the way back to Good Shepherd Church, defendant Shoji took her eyes off the road to look in the rear view mirror at some of the children. When she looked back up, she realized she had run off the road and was about to strike a sign. She pulled the steering wheel to the left causing the van to cross the center line and strike an automobile head on, injuring plaintiff William H. Jones, IV.

As a result of the accident, William H. Jones, IV and his parents instituted this action against defendant Shoji, the YMCA and the Church. The complaint alleged active negligence on the part of defendant Shoji and imputed negligence on the part of the YMCA and the Church. The complaint also alleged the YMCA and the Church entered into a joint venture by which defendant Shoji was employed, and that they were jointly and severally liable for William Jones' injuries.

By a consent order dated 10 July 1991, the plaintiffs' claims against all defendants were dismissed following settlement between the Church and plaintiffs. The settlement included a release of all defendants. The settlement sums were paid by Aetna, the insurer of the van used by the parties in the joint venture. No money was paid by the Church toward settlement of the claim.

The Church filed cross-claims against the YMCA asking for indemnity or contribution based upon plaintiffs' allegations of negligence. At a bench trial on 7 February 1992, the court heard and denied the Church's cross-claims against the YMCA. The Church appeals.

*Reid, Lewis, Deese & Nance, by James R. Nance, Jr., for defendant-appellee YMCA.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, by Michael W. Mitchell and Nigle B. Barrow, Jr., for defendants-appellants.*

WELLS, Judge.

[1] We note initially that the appellant has failed to comply with Rule 10 of the North Carolina Rules of Appellate Procedure. While appellant properly excepted to a large number of the court's findings of fact and the resulting conclusions of law and also correctly referenced the assigned errors to the excepted findings, it failed to direct this Court to specific findings it challenges, instead arguing the general denial of its claim for contribution and indemnification. *Concrete Service Corp. v. Investors Group, Inc.*, 79 N.C. App. 678, 340 S.E.2d 755, *cert. denied*, 317 N.C. 333, 346 S.E.2d 137 (1986). This "broadside" attack renders individual exceptions and assignments of error ineffective to challenge particular findings of fact. Therefore, the only question left for our review is whether the findings of fact support the conclusions of law and the conclusions support the judgment. *Id.* N.C.R. App. P. 10(a).

[2] In the present case, the trial court found that the Church and the YMCA were engaged in a joint venture, and as such were both derivatively negligent in causing plaintiff's injuries. The court also determined that the Church was not entitled to indemnity or contribution from the YMCA for settlement sums paid by the insurance carrier. The Church assigns error to this latter conclusion, arguing various legal theories in support thereof. Because the Church does not assign error to the court's finding that the parties were engaged in a joint venture, we need only address the issues of indemnity and contribution as they relate to the facts in this case.

A joint venture or joint enterprise is a business association like a partnership but narrower in scope and purpose. Reuschlein and Gregory, Handbook on the Law of Agency and Partnership, 442 (1979). "A joint [venture] is in the nature of a kind of partnership, and although a partnership and a joint [venture] are distinct relationships, they are governed by substantially the same rules." *Pike v. Trust Co.*, 274 N.C. 1, 161 S.E.2d 453 (1968). *See also Rushing v. Polk*, 258 N.C. 256, 128 S.E.2d 675 (1962) (applying law as to partnerships and joint enterprises interchangeably). As in the case of partnerships, the nature of a joint venture is such that any negligence on the part of one party may be imputed to the other. *Slaughter v. Slaughter*, 93 N.C. App. 717, 379 S.E.2d 98 (1989), *disc. rev. improvidently allowed*, 326 N.C. 479, 389 S.E.2d

803 (1990). We find partnership law, as codified in the Uniform Partnership Act, and North Carolina case law to be instructive.

Under the Uniform Partnership Act (UPA), G.S. § 59-48(2), the general rule regarding a partner's right to indemnity is as follows:

> The partnership must indemnify every partner in respect of payments made and personal liabilities reasonably incurred by him in the ordinary and proper conduct of its business, or for the preservation of its business or property.

Thus, if an individual partner satisfies a judgment out of his own pocket or his personal assets, then he has a right to indemnification from the partnership. See Handbook, *supra*, at 270. Likewise, where a party to a joint venture satisfies a claim against the joint venture with individual assets, he is entitled to indemnity from the joint venture assets. If, however, a partner's individual assets are not used to pay the obligation, then no right of indemnity accrues. *Id.* If the partnership, or the joint venture, has insufficient assets to satisfy a claim against it or to indemnify the partner satisfying the judgment, then that partner has a right of contribution against his co-partners; that is, he may force them to share in the loss. See *id.* Where there are sufficient resources in partnership or joint venture funds to meet a claim against the venture, there will be no contribution between partners, absent an agreement to the contrary.

Here, the Church and the YMCA entered into a written contract in which each party agreed to pool their resources and assume certain responsibilities in furtherance of the mutual goal of establishing an after school day care program. In this joint venture case, the issue of whether the Church is entitled to indemnification or contribution from the YMCA hinges upon the question of source of the settlement funds: were the Aetna insurance policy proceeds, used to pay the settlement, assets of the Church or the joint venture?

Under the UPA, G.S. § 59-38, all property purchased on account of the partnership is partnership property unless a contrary intention appears. *Potter v. Homestead Preservation Assn.*, 330 N.C. 569, 412 S.E.2d 1 (1992). Partnership property may be bought, held, and conveyed by fewer than all partners in a partnership. *Id.* See also *Ludwig v. Walter*, 75 N.C. App. 584, 331 S.E.2d 177 (1985) (recognizing that parties to a contract may allocate risk through insurance or indemnity agreements). Similarly, property purchased

by one partner, but which is agreed to be used for partnership purposes, may be deemed partnership property. *See* Handbook, *supra*, at 392.

Under the agreement, the Church assumed responsibility for purchasing insurance "for the YMCA," which the circumstances clearly show included liability insurance. The insurance was purchased pursuant to the agreement and on account of the voluntary association between the parties. It is clear that in a joint venture arrangement, the parties may agree to shift the allocation of risk or liability by a promise to insure or indemnify the other party. *See McLean Trucking Co. v. Occidental Casualty Co.*, 72 N.C. App. 285, 324 S.E.2d 633, *cert. denied*, 313 N.C. 603, 330 S.E.2d 611 (1985) (recognizing that parties to a contract may allocate risk through insurance or indemnity agreements). The benefit of having insurance, as bargained for in the agreement, naturally accrued to both parties and it was obtained for the purpose of insuring the YMCA and its personnel who would be using the Church's vans in furtherance of the joint venture. These circumstances compel the conclusion that such insurance was purchased on account of the joint venture and was therefore an asset of the joint venture.

Because the sums paid to plaintiff by Aetna insurance were paid out of an asset of the joint venture and not out of assets of the Church, following the UPA mandate, we hold that the Church is not entitled to indemnity or contribution from the YMCA.

Affirmed.

Judge GREENE dissents in a separate opinion.

Judge MARTIN concurs.

Judge GREENE dissenting.

I agree with the majority that the dispositive issue is whether the Aetna insurance policy proceeds were assets of the Church or the joint venture. If the insurance proceeds were assets of the Church, the Church is entitled to either indemnification or contribution from the YMCA.

Contrary to the majority, however, I believe that the Aetna insurance proceeds were the assets of the Church. The fact that

the Church may have agreed to provide liability insurance on the vans "for the YMCA" is not determinative of the issue. The question remains whether the Church in fact did provide such insurance, and there is nothing in the record to support that it did. To the contrary, as noted in the 10 July 1991 "Order Approving Settlement," the Aetna policy provided "coverage for [the Church]," not the YMCA. Therefore, the proceeds from the Aetna policy were not assets of the joint venture, but instead were assets of the Church.

Accordingly, the findings of the trial court cannot support a conclusion that the Church is not entitled to indemnity or contribution, and, in fact, support the contrary conclusion. Indeed, the 10 July 1991 consent order provided that the Church retained and would pursue "rights of contribution and indemnity" against the YMCA. I would therefore reverse the order of the trial court and remand for an award to the Church of either contribution or indemnity.