LAKE COLONY CONSTRUCTION, INC., Plaintiff v. WILLIAM RICHARD BOYD, JR.,
Substitute Trustee, Deed of Trust recorded in Book 1671, at Page 675 in the
office of the Register of Deeds of Jackson County, NC; MARCIA J. RINGLE,
Trustee, Deed of Trust recorded in Book 1562, at Page 766, in the Register of
Deeds of Jackson County, NC; MACON BANK, INC.; LAKE COLONY PARTNERS,
LLC; PETER A. PAUL, Trustee, Deed of Trust recorded in Book 1671, Page 683 in
the office of the Register of Deeds in Jackson County, NC; and BIG RIDGE
PARTNERS, LLC, Defendants

No. COA10-959

(Filed 7 June 2011)

**Joint Venture— judgment creditor—subordinate rights—
permanent injunction**

The trial court did not err in a declaratory judgment action by
ordering a permanent injunction based on its conclusion that
plaintiff entered into a joint venture with defendant and was
solely a judgment creditor whose rights to the proceeds from cer-
tain real property were subordinate to three deeds of trust. The
parties' contract expressly stated that the parties intended to
form a joint venture, provided for the sharing of profits, and that
each had the right to direct the other's conduct in some measure.

Appeal by plaintiff from judgment entered 25 February 2010 by
Judge C. Phillip Ginn in Jackson County Superior Court. Heard in the
Court of Appeals 27 January 2011.

*Hunter, Large & Sherrill, PLLC, by Diane E. Sherrill, for plain-
tiff-appellant.*

*Roberts & Stevens, P.A., by Mark C. Kurdys, for defendants-
appellees William Richard Boyd, Jr., Marcia J. Ringle, and
Macon Bank, Inc.*

GEER, Judge.

Plaintiff Lake Colony Construction, Inc. appeals from a judgment
determining that it entered into a joint venture with defendant Lake
Colony Partners, LLC and, therefore, was solely a judgment creditor
whose rights to the proceeds from certain real property were subor-
dinate to three deeds of trust. Because the parties' contract expressly
stated the parties' intent to form a "joint venture" and further pro-
vided for the sharing of profits and that each had the right to direct

the other's conduct in some measure, we hold that the trial court properly construed the contract as establishing a joint venture. We, therefore, affirm.

## Facts

On 19 March 2007, Lake Colony Construction entered into a written contract with Lake Colony Partners specifying that the terms of the contract were "a joint venture between the above parties for the construction and sale of one house in the Sims Valley Development" in Jackson County. Under the contract, Lake Colony Partners was required to purchase the lot, arrange for all financing for construction of the house (described as "a spec house"), and to provide all cash and required personal and corporate guarantees to secure the financing. The contract called for Lake Colony Construction to act as a general contractor for the project, to obtain the required building permits, and to provide adequate staff for the construction of the spec house. The contract further provided that Lake Colony Construction would bill Lake Colony Partners weekly for actual costs, including specified percentage increases over Lake Colony Construction's employees' hourly rates to cover workers' compensation and federal and state taxes. Lake Colony Partners was required to reimburse Lake Colony Construction for its costs bi-weekly.

The contract specified that Lake Colony Partners and Lake Colony Construction would "jointly determine the asking price for the house . . . ." If, however, the house remained unsold for four months after completion, Lake Colony Partners had authority to accept a lesser price so long as Lake Colony Construction was paid a specified guaranteed return. According to the contract, upon the sale of the house, the sales proceeds would be distributed in the following order: (1) to pay off the lot price, construction loan, real estate fees, and closing costs; (2) to reimburse Lake Colony Partners for any cash advanced in connection with the project; (3) to pay Lake Colony Construction $25,000.00 regardless of the adequacy of the closing proceeds; (4) to pay Lake Colony Partners up to $25,000.00 subject to there being sufficient closing proceeds; and (5) the remainder being divided equally between Lake Colony Partners and Lake Colony Construction.

On 2 May 2007, Lake Colony Partners purchased Lot 30 in the Sims Valley Development from defendant Big Ridge Partners. Big Ridge Partners had previously entered into a 2006 deed of trust with defendant Macon Bank as the beneficiary that included Lot 30 as part

of the property securing Big Ridge Partners' debt. On the same day as the purchase of the property, Lake Colony Partners, Macon Bank, and the trustee for the 2006 deed of trust, defendant Marcia J. Ringle, entered into a subordination agreement with respect to the 2006 deed of trust. Lake Colony Partners also executed on 2 May 2007 two additional deeds of trust as to Lot 30: one with Ms. Ringle as trustee with Macon Bank as the beneficiary (a construction deed of trust) and the second with defendant Peter A. Paul as trustee and Big Ridge Partners as the beneficiary.

From 26 March 2007—before Lake Colony Partners purchased Lot 30—through 22 April 2008, Lake Colony Construction furnished labor, materials, and services pursuant to its contract with Lake Colony Partners. The last payment received by Lake Colony Construction was on 11 December 2007 in the amount of $7,856.09.

On 24 March 2008, Lake Colony Construction filed a claim of lien pursuant to N.C. Gen. Stat. § 44A-8 (2007), claiming that Lake Colony Partners owed it $121,445.74. Subsequently, Lake Colony Construction submitted a final invoice dated 14 May 2008 to Lake Colony Partners for $5,947.44, making the total amount due $127,393.18. On 25 August 2008, Lake Colony Construction filed an action to enforce its lien against Lot 30 pursuant to N.C. Gen. Stat. § 44A-13 and § 44A-14 (2007).

While the lien action was pending, defendant William Richard Boyd, Jr., a substitute trustee, instituted a foreclosure proceeding as to the construction deed of trust secured by Lot 30. On or about 1 June 2009, an order authorizing the sale of Lot 30 was entered by the Clerk of Court of Jackson County, and the sale of the real property was initially set for 9 July 2009, but later was postponed until 6 August 2009.

On 10 July 2009, Lake Colony Construction filed a declaratory judgment action against defendants Lake Colony Partners, Big Ridge Partners, Macon Bank, and the three trustees for the three deeds of trust. Lake Colony Construction alleged that through perfection of its lien, which related back to the first furnishing of labor and materials on 26 March 2007, it had priority over the construction deed of trust, the subordinated deed of trust, and the third deed of trust. Lake Colony Construction requested a determination of its interest and priority, as well as the interests and priorities of all the parties to the action with respect to Lot 30. Lake Colony Construction also sought

a permanent injunction against all defendants preventing further proceedings against Lot 30 to the extent that such proceedings would defeat or diminish the priority of Lake Colony Construction's lien and any judgment entered on the lien.

At trial, the parties stipulated to the joint admission of 21 exhibits, including a copy of the contract between Lake Colony Construction and Lake Colony Partners. The parties also entered into eight stipulations, including the following:

5. As a matter of law, if the Court concludes in this action that Plaintiff has a valid statutory laborers and materialmens lien pursuant to N.C. Gen. Stat. § 44A-8, such lien, if any has been filed, recorded and perfected in a timely manner, that such lien, if any, is enforceable pursuant to the terms of that judgment entered July 29, 2009, in Jackson County, North Carolina Civil Action No. 08 CVS 624 against that real property known as Lot #30 Sims Valley Development and that Plaintiff's rights under and claims to enforce that judgment by executions and to the proceeds of a judicial sale of Lot #30 Sims Valley would have first priority to the proceeds of public or judicial sale of Lot #30 over and above any other liens or claims against Lot #30, including the liens and claims of the Defendants.

6. As a matter of law, if the Court concludes in this action that Plaintiff has no valid statutory laborers and materialmens lien pursuant to N.C. Gen. Stat. § 44A-8, then Plaintiffs [sic] rights under and claims against Lake Colony Partners, LLC and its assets, would be as an unsecured judgment creditor and would not constitute a lien against that real property known as Lot #30 Sims Valley Development and the improvements thereon, and Plaintiff's claims, if any, to the proceeds of a public or judicial sale of Lot #30 Sims Valley and the improvements thereon would have fourth priority, after satisfactions of those liens of the Defendants against Lot #30, including the liens and claims of defendants Boyd, Substitute Trustee, Ringle, Trustee, Macon Bank, Inc., Peter A. Paul, Trustee and Big Ridge Partners, LLC, as described in the pleadings and in Exhibits 16, 18 and 21.

7. As a matter of law, if the Court finds that the Plaintiff had supplied labor and materials for the improvement of Lot #30 Sims Valley Development pursuant to a joint venture with Lake Colony Partners, LLC, then Plaintiff has no valid lien against

Lot #30 or the improvements thereon, in particular no statutory lien pursuant to N.C. General Statute §44A-8.

8. As a matter of law, the relative priority of lien rights and claims as between those Deeds of Trust described as Commercial Construction Loan Deed of Trust, Exhibit 16 (Substitution of Trustee, Exhibit 17), the Development Loan Deed of Trust, Exhibit 18 (Substitution of Trustee, Exhibit 19) and the Third Deed of Trust, Exhibit 21, to the proceeds of a public or judicial sale of Lot #30 Sims Valley and the improvements thereon is:

- *first*, the Commercial Construction Loan Deed of Trust, Exhibit 16 (Substitution of Trustee, Exhibit 17),

- *second*, the Development Loan Deed of Trust, Exhibit 18 (Substitution of Trustee, Exhibit 19)

- *third*, the Third Deed of Trust, Exhibit 21[.]

Following arguments by counsel from both sides, the trial court announced its finding in open court that "this is a joint venture based on the totality of the agreement that is set out in Defendants' Exhibit 1. The Court, in its discretion, is further not considering parole [sic] evidence in regard to its determination." In the written judgment for permanent injunction subsequently entered on 25 February 2010, the trial court found that Lake Colony Construction "entered into a joint venture with Lake Colony Partners, LLC, to select and acquire a lot in the Sims Valley Development, select a building plan, obtain necessary cash or financing for construction, construct a residence on that lot, sell the lot and improvements and split the proceeds of the sale." The court also found that "[a]ny and all labor and materials supplied by Plaintiff Lake Colony Construction, Inc. for the improvement of Lot #30 were supplied in pursuit of that joint venture."

The court then concluded that Lake Colony Construction's equitable and contractual claims against Lake Colony Partners had been determined by a judgment entered 29 July 2009 in Jackson County, North Carolina, Civil Action No. 08 CVS 624, and any claim or rights Lake Colony Construction may have against any interest Lake Colony Partners may have in Lot 30 "are those of a judgment creditor, subordinate to the lien claims and rights" described in the parties' stipulations. Lake Colony Construction timely appealed to this Court.

**LAKE COLONY CONSTR., INC. v. BOYD**

[212 N.C. App. 300 (2011)]

## Discussion

On appeal, Lake Colony Construction contends that the trial court erred in finding that Lake Colony Construction and Lake Colony Partners entered into a joint venture. " 'The standard of review in declaratory judgment actions where the trial court decides questions of fact is whether the trial court's findings are supported by any competent evidence. Where the findings are supported by competent evidence, the trial court's findings of fact are conclusive on appeal.' " *Lynn v. Lynn*, 202 N.C. App. 423, 430, 689 S.E.2d 198, 204 (quoting *Cross v. Capital Transaction Grp., Inc.*, 191 N.C. App. 115, 117, 661 S.E.2d 778, 780 (2008), *disc. review denied*, 363 N.C. 124, 672 S.E.2d 687 (2009)), *disc. review denied*, 364 N.C. 613, 705 S.E.2d 736 (2010).

The trial court's conclusions of law are reviewable *de novo. Id.* In addition, "[q]uestions of contract interpretation are also reviewed *de novo.*" *Id. See also Davison v. Duke Univ.*, 282 N.C. 676, 712, 194 S.E.2d 761, 783 (1973) (observing that interpretation of contract is within province of court and "has uniformly been treated as a question of law subject to review by the appellate courts").

A joint venture "is a business association like a partnership but narrower in scope and purpose." *Jones v. Shoji*, 110 N.C. App. 48, 51, 428 S.E.2d 865, 867 (1993), *aff'd in part and disc. review improvidently allowed in part*, 336 N.C. 581, 444 S.E.2d 203 (1994). Our Supreme Court has characterized a joint venture as

"an association of persons with intent, by way of contract, express or implied, to engage in and carry out a single business adventure for joint profit, for which purpose they combine their efforts, property, money, skill, and knowledge, but without creating a partnership in the legal or technical sense of the term.

. . .

Facts showing the joining of funds, property, or labor, in a common purpose to attain a result for the benefit of the parties in which each has a right in some measure to direct the conduct of the other through a necessary fiduciary relation, will justify a finding that a joint adventure exists.

. . .

To constitute a joint adventure, the parties must combine their property, money, efforts, skill, or knowledge in some com-

mon undertaking. The contributions of the respective parties need not be equal or of the same character, but there must be some contribution by each coadventurer of something promotive of the enterprise."

*Pike v. Wachovia Bank & Trust Co.*, 274 N.C. 1, 8-9; 161 S.E.2d 453, 460 (1968) (quoting *In re Simpson*, 222 F. Supp. 904, 909 (M.D.N.C. 1963)).

As this Court has summarized:

Thus, the essential elements of a joint venture are (1) an agreement to engage in a single business venture with the joint sharing of profits, *Edwards v. Bank*, 39 N.C. App. 261, 275, 250 S.E.2d 651, 661 (1979), (2) with each party to the joint venture having a right in some measure to direct the conduct of the other "through a necessary fiduciary relationship." *Cheape v. Town of Chapel Hill*, 320 N.C. 549, 562, 359 S.E.2d 792, 799 (1987) (emphasis in original). The second element requires that the parties to the agreement stand in the relation of principal, as well as agent, as to one another.

*Southeastern Shelter Corp. v. BTU, Inc.*, 154 N.C. App. 321, 327, 572 S.E.2d 200, 204-05 (2002).

As for the first element, the contract between Lake Colony Construction and Lake Colony Partners expressly provided for the sharing of profits:

5. Upon a sale of the house, sales proceeds will be distributed as follows:

A. First, to pay off the lot price and construction loan, real estate fees and closing costs. . . .

B. Second, to reimburse [Lake Colony Partners] for any cash advanced for acquisition of the lot, costs advanced by [Lake Colony Partners] for completion of the house and interest paid during construction. . . .

C. Third, to [Lake Colony Construction] in the amount of $25,000, regardless of the adequacy of closing proceeds.

D. Fourth, to [Lake Colony Partners] up to $25,000, subject to there being sufficient closing proceeds.

E. Thereafter, 50% of the remainder to each [Lake Colony Construction] and [Lake Colony Partners].

In sum, proceeds would first go to covering certain costs incurred in funding the project, then to Lake Colony Construction up to $25,000.00, then to Lake Colony Partners up to $25,000.00, and then split 50/50 between the parties. *See Slaughter v. Slaughter*, 93 N.C. App. 717, 720-21, 379 S.E.2d 98, 100-01 (1989) (holding evidence supported first element of joint venture, requiring joint sharing of profits, when parties engaged in "mutually beneficial" task of dredging pond located between their houses), *disc. review improvidently allowed*, 326 N.C. 479, 389 S.E.2d 803 (1990). Consequently, the contract establishes the existence of the first element of a joint venture.

Lake Colony Construction argues, however, that the contract did not contain any term supplying the second element of a joint venture: that each party had a right to control or direct each other's conduct. Even if the contract contains no express provision that the parties will have a principal/agent relationship with respect to each other, it is well established that a contract "encompasses not only its express provisions but also all such implied provisions as are necessary to effect the intention of the parties unless express terms prevent such inclusion." *Lane v. Scarborough*, 284 N.C. 407, 410, 200 S.E.2d 622, 624 (1973).

Our Supreme Court explained the law further:

> "Intention or meaning in a contract may be manifested or conveyed either expressly or impliedly, and it is fundamental that that which is plainly or necessarily implied in the language of a contract is as much a part of it as that which is expressed. If it can be plainly seen from all the provisions of the instrument taken together that the obligation in question was within the contemplation of the parties when making their contract or is necessary to carry their intention into effect, the law will imply the obligation and enforce it. The policy of the law is to supply in contracts what is presumed to have been inadvertently omitted or to have been deemed perfectly obvious by the parties, the parties being supposed to have made those stipulations which as honest, fair, and just men they ought to have made." 17 Am. Jur. 2d Contracts § 255 at 649 (1964). However, "[n]o meaning, terms, or conditions can be implied which are inconsistent with the expressed provisions." 17 Am. Jur. 2d *Contracts, supra* at 652.

*Id.* at 410-11, 200 S.E.2d at 625.

Here, the contract between Lake Colony Partners and Lake Colony Construction provided: "The following is a *joint venture* between the above parties [Lake Colony Construction and Lake Colony Partners] for the construction and sale of one house in the Sims Valley Development." (Emphasis added.) Another fundamental principle of contract construction is that "parties are generally presumed to take into account all existing laws when entering into a contract." *Wise v. Harrington Grove Cmty. Ass'n*, 357 N.C. 396, 406, 584 S.E.2d 731, 739 (2003), *superseded by statute as stated in Bodine v. Harris Vill. Prop. Owners Ass'n*, 207 N.C. App. 52, 699 S.E.2d 129 (2010). We thus presume that when they entered into their contract and identified their relationship as a "joint venture," Lake Colony Partners and Lake Colony Construction took into account the law that, in a joint venture, the parties "stand in the relation of principal, as well as agent, as to one another." *Southeastern Shelter Corp.*, 154 N.C. App. at 327, 572 S.E.2d at 205. Consequently, their use of the phrase "joint venture" necessarily implies their intent to adopt a principal/agent relationship.

In addition, the second element of a joint venture does not require that the parties have the right to control the conduct of each other in all aspects of the project, but only that they have the right to direct each other's conduct "in some measure." *Cheape*, 320 N.C. at 562, 359 S.E.2d at 799. The contract between Lake Colony Construction and Lake Colony Partners provided that the parties were required to mutually agree upon a house plan and lot. In addition, "[a]ny major changes in the building plans will be subject to the mutual approval of" Lake Colony Construction and Lake Colony Partners. Finally, the contract required that Lake Colony Partners and Lake Colony Construction "jointly determine the asking price for the house," although after four months Lake Colony Partners had authority to accept a lesser offer upon paying Lake Colony Construction the return guaranteed by the contract.

These provisions—subjecting each party to the control of the other regarding selection of and changes to the house plans, selection of the lot, and determination of the sales price for the house—are sufficient to establish that the parties had the right, in some measure, to direct each other's conduct. The trial court did not, therefore, given the terms of the contract, err in determining that the parties had entered into a joint venture.

In arguing the non-existence of a joint venture, Lake Colony Construction points to exhibits other than the contract and argues

that they show "the course of performance or conduct of the parties" to the contract. At trial, however, the trial court stated that "in its discretion," it was "not considering parole [sic] evidence in regard to its determination." Although Lake Colony Construction included, in the record on appeal, a proposed issue challenging this exclusion of parol evidence, it did not address this issue in its brief. "Issues not presented and discussed in a party's brief are deemed abandoned." N.C.R. App. P. 28(a). Since the trial court did not consider Lake Colony Construction's evidence of course of performance or conduct in reaching the court's decision and since Lake Colony Construction has not argued on appeal that the trial court erred in excluding that evidence, we cannot, on appeal, rely upon the excluded evidence as a basis for reversing the trial court's decision.

In its second argument, Lake Colony Construction challenges the trial court's finding of fact number 4 that "[a]ny and all labor and materials supplied by Plaintiff Lake Colony Construction, Inc. for the improvement of Lot #30 were supplied in pursuit of that joint venture." Lake Colony Construction does not, however, dispute that the labor and materials it supplied to Lot 30 were supplied pursuant to the contract that the trial court determined established a joint venture, a determination that we have upheld. Consequently, the trial court did not err in making finding of fact number 4.

Finally, Lake Colony Construction challenges the trial court's fourth conclusion of law:

The Plaintiff's equitable and contractual claims against Lake Colony Partners, LLC, have been determined by that judgment entered July 29, 2009, in Jackson County, North Carolina Civil Action No. 08 CVS 624 and any claim or rights Plaintiff Lake Colony Construction, Inc. may have against any interest Lake Colony Partners, LLC, may have in Lot #30, as an asset of Lake Colony Partners, LLC, are those of a judgment creditor, subordinate to the lien claims and rights described in Paragraphs 4 and 8 of the parties' stipulations set forth above.

Lake Colony Construction also challenges the following related paragraph in the decretal portion of the trial court's order:

Plaintiff Lake Colony Construction, Inc. shall refrain from initiation or further proceedings or efforts toward execut[ing] upon its judgment against Lake Colony Partners, LLC in Jackson County Civil Action No. 08 CVS 624 against Lot #30 Sims Valley as an asset of Lake Colony Partners, LLC, other than as a general cred-

itor as set forth in paragraph numbered 1 above and as subordinated to the priorities set forth in the immediately preceding paragraph numbered 1, above.

Paragraph 1 of the decree specified that William Boyd, as substitute trustee on the construction loan deed of trust for the benefit of Macon Bank, had first priority to the proceeds realized upon a sale of Lot 30; Mr. Boyd as substitute trustee on the subordinated deed of trust for the benefit of Macon Bank had second priority; and Peter Paul as trustee on the third deed of trust for the benefit of Big Ridge Partners had third priority. Lastly came "the claims of creditors of Lake Colony Partners, LLC, including but not limited to any claim Plaintiff Lake Colony Constructions [sic], Inc. may have against any interest Lake Colony Partners, LLC may have in Lot #30, as an asset of Lake Colony Partners, LLC, as a judgment creditor."

On appeal, Lake Colony Construction notes that its claim of lien pursuant to N.C. Gen. Stat. § 44A-8 had been reduced to judgment prior to the trial in this action, but that the above paragraphs "prevent[] Lake Colony Construction, Inc. from enforcing its judgment." In arguing that this result is in error, Lake Colony Construction asserts:

Reviewing the evidence considered by the trial court *de novo* and as in part set forth in sections II and III of this argument to determine if this conclusion is sustained by the findings of fact and following the argument in this brief of Lake Colony Construction, Inc. as to those findings, the only determination possible is that this conclusion is not supported by the findings of fact because all of the compelling evidence supports finding that Lake Colony Construction, Inc. was a contractor and Lake Colony Partners, LLC was the owner of the lot to which Lake Colony Partners, LLC furnished labor and materials for improvements.

The appellees, defendants William Boyd, Marcia Ringle, and Macon Bank, have read this argument as contending "that the elements of a joint venture do not automatically preclude [Lake Colony Construction] from having a statutory lien pursuant to N.C.G.S. §44A-8 . . . ." It is not entirely clear to this Court whether Lake Colony Construction was, in fact, making the argument suggested by the appellees. Lake Colony Construction's brief could be read as arguing that (1) the trial court erred in finding a joint venture because the evidence established only a general contractor/property owner relationship; (2) because there was no evidence of a joint venture, the trial court erred in finding that labor and materials were

supplied pursuant to a joint venture; and (3) because there was no evidence of a joint venture, the trial court's conclusion of law and decree regarding the priorities was not supported by proper findings of fact. Nothing in Lake Colony Construction's brief specifically argues that, even if this Court upheld the finding of a joint venture, the trial court still erred in establishing the priorities and precluding enforcement of Lake Colony Construction's lien.

Assuming that appellees have correctly read Lake Colony Construction's brief, we agree that the issue whether one member of a joint venture may still enforce a laborers and materialmen's lien against the real property that is the subject of the joint venture is not properly before this Court. We do not, however, agree with appellees' reasoning.

Appellees point to the following stipulations entered into by the parties prior to the hearing and argue that they are binding on Lake Colony Construction:

6. As a matter of law, if the Court concludes in this action that Plaintiff has no valid statutory laborers and materialmens lien pursuant to N.C. Gen. Stat. § 44A-8, then Plaintiffs [sic] rights under and claims against Lake Colony Partners, LLC and its assets, would be as an unsecured judgment creditor and would not constitute a lien against that real property known as Lot #30 Sims Valley Development and the improvements thereon, and Plaintiff's claims, if any, to the proceeds of a public or judicial sale of Lot #30 Sims Valley and the improvements thereon would have fourth priority, after satisfactions of those liens of the Defendants against Lot #30, including the liens and claims of defendants Boyd, Substitute Trustee, Ringle, Trustee, Macon Bank, Inc., Peter A. Paul, Trustee and Big Ridge Partners, LLC, as described in the pleadings and in Exhibits 16, 18 and 21.

7. *As a matter of law, if the Court finds that the Plaintiff had supplied labor and materials for the improvement of Lot #30 Sims Valley Development pursuant to a joint venture with Lake Colony Partners, LLC, then Plaintiff has no valid lien against Lot #30 or the improvements thereon, in particular no statutory lien pursuant to N.C. General Statute §44A-8.*

(Emphasis added.) It is, however, well established that "[a] stipulation as to the law is not binding on the parties or the court." *Bryant v. Thalhimer Bros., Inc.*, 113 N.C. App. 1, 14, 437 S.E.2d 519, 527 (1993), *appeal dismissed and disc. review denied*, 336 N.C. 71, 445 S.E.2d 29 (1994).

Nevertheless, this action sought declaratory relief pursuant to N.C. Gen. Stat. § 1-254 (2009), which provides:

> Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise, and obtain a declaration of rights, status, or other legal relations thereunder. A contract may be construed either before or after there has been a breach thereof.

The contract that was the subject of the declaratory judgment action was, of course, the contract between Lake Colony Construction and Lake Colony Partners.

At the hearing, the trial judge stated that he understood the parties were seeking a determination "whether or not there was a joint venture agreement between the parties in the construction of the house or whether it was a construction contract . . . . That's what we're for here today, as I understand it." Both counsel for defendants (other than Lake Colony Partners) and counsel for Lake Colony Construction agreed. When counsel for Lake Colony Construction pointed out that the trial court would also need to determine the priorities, the trial judge asked, "But these kind of fall in line depending . . . on how the Court would rule on that particular issue[,]" referring to the joint venture question. Lake Colony Construction's counsel responded: "That's correct." Subsequently, counsel for Lake Colony Construction made no argument that her client was entitled to enforce a laborers and materialmen's lien even if a joint venture existed.

Rule 10(a)(1) of the Rules of Appellate Procedure provides that "[i]n order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context." Since Lake Colony Construction did not raise in the trial court the issue whether it was entitled to priority over the deeds of trust even if a party to a joint venture, that issue has not been preserved for appellate review. *See also Fowler v. Johnson*, 18 N.C. App. 707, 711, 198 S.E.2d 4, 7 (1973) (holding that parties were bound by their pretrial stipulation agreeing to limit issues at trial to single issue and could not "after final judgment has been entered, seek to avoid their stipulations which were knowingly made and relied on by both parties").

In sum, because we have upheld the trial court's finding of a joint venture, we likewise uphold the conclusion of law and the decretal portion of the order. We, therefore, affirm the trial court's judgment and order for permanent injunction.

Affirmed.

Judges STEPHENS and McCULLOUGH concur.