**SMITH v. AXELBANK**

[222 N.C. App. 555 (2012)]

REVERSED and REMANDED.

Judges CALABRIA and McCULLOUGH concur.

---

TINA SMITH, Plaintiff v. ARTHUR AXELBANK, M.D.; ORANGE FAMILY MEDICAL GROUP A/K/A ORANGE FAMILY MEDICAL GROUP, INC. A/K/A ORANGE FAMILY MEDICAL GROUP, P.A., AND ARTHUR AXELBANK D/B/A ORANGE FAMILY MEDICAL GROUP, P.A., Defendants

No. COA12-150

(Filed 21 August 2012)

## 1. Medical Malpractice—required certification—res ipsa loquitur—allegations not sufficient

The trial court did not err by dismissing a medical malpractice action pursuant to N.C.G.S. § 1A-1, Rule 9(j) for failure to include the required certification or to allege facts establishing negligence under *res ipsa loquitur*. The alleged negligence arose from the prescription of a drug and a layperson would not be able to determine whether plaintiff's injury was caused by the drug or whether the doctor was negligent in prescribing it. Statements by the doctor that plaintiff's symptoms were caused by the drug and that he felt responsible were not sufficient for a layperson to infer negligence.

## 2. Appeal and Error—constitutional issue—ruling not requested in trial court—dismissed

The issue of whether N.C.G.S. § 1A-1, Rule 9(j) is constitutional was not preserved for appellate review where it was raised in plaintiff's complaint but her counsel specifically stated at the dismissal hearing that he was not requesting a ruling on the issue.

## 3. Pleadings—Rule 11—medical malpractice—extension of time to find expert

Although the Court of Appeals expressly did not address the issue of whether the trial court erred by concluding that plaintiff's motion to extend the statute of limitations in a medical practice action violated N.C.G.S. § 1A-1, Rule 11(a), the Court noted that a plaintiff may in good faith seek an extension to obtain an expert and be unable to do so, should not be penalized, and should be able to then file a claim under *res ipsa loquitur*.

Plaintiff's Judge James E. Hardin, Jr., in Orange County Superior Court. Heard in the Court of Appeals 6 June 2012.

*Bourlon & Davis, P.A., by John M. Bourlon and Camilla J. Davis for plaintiff-appellant.*

*Yates, McLamb & Weyher, L.L.P., by Barry S. Cobb, for defendants-appellees.*

HUNTER, Robert C., Judge.

Tina Smith ("plaintiff") appeals from the dismissal of her medical malpractice claim against Arthur Axelbank, M.D. ("Dr. Axelbank"), Orange Family Medical Group a/k/a Orange Family Medical Group, Inc. a/k/a Orange Family Medical Group, P.A., and Arthur Axelbank d/b/a Orange Family Medical Group, P.A. (collectively "defendants"). Plaintiff argues the trial court erred in dismissing her complaint for failure to comply with the pleading requirements of N.C. Gen. Stat. § 1A-1, Rule 9(j) and the statute of limitations pursuant to N.C. Gen. Stat. §§ 1-15(c) and 1-52. Plaintiff also contends the trial court erred in concluding she failed to state a claim under the doctrine of *res ipsa loquitur* and by dismissing her argument that the certification requirement of Rule 9(j) is unconstitutional without making any findings of fact or conclusions of law to support the dismissal. Furthermore, plaintiff argues the trial court erred in concluding that her motion to extend the statute of limitations was not made in good faith or for a proper purpose and was in violation of N.C. Gen. Stat. § 1A-1, Rule 11(a). After careful review, we affirm the dismissal of plaintiff's complaint for failure to comply with the pleading requirements of N.C. Gen. Stat. § 1A-1, Rule 9(j).

## Background

Plaintiff was treated by her primary caregiver, defendant Dr. Axelbank of Orange Family Medical Group, for a number of years until 2007. Dr. Axelbank prescribed to plaintiff the drug Seroquel beginning on 23 February 2005. In early 2005, plaintiff claims she began to suffer from urological problems and related health issues, which intensified in frequency and pain until September of 2007. During a visit with Dr. Axelbank on 24 August 2007, plaintiff told him that she suspected that Seroquel had caused her years of pain and suffering. Following this visit with Dr. Axelbank, the doctor allegedly sent plaintiff a letter in which plaintiff claims he stated: "[You] suffered with side effects from medication that you were on for so many

months. I feel responsible for adding an extra problem to someone who certainly did not need one more." Plaintiff also alleges that her medical records revealed that Dr. Axelbank admitted " 'she is right.' " On 11 September 2007, plaintiff visited a urologist to whom she had been referred by Dr. Axelbank. Plaintiff alleges the urologist concluded that the symptoms plaintiff complained of were a result of the Seroquel.

In September 2010, in preparation for filing a medical malpractice claim against defendants, plaintiff filed a motion in Orange County Superior Court seeking an extension of the statute of limitations for additional time to retain an expert witness in order to comply with N.C. Gen. Stat. § 1A-1, Rule 9(j). The motion was granted by Judge Ronald L. Stephens, extending the statute of limitations until 10 January 2011.

Plaintiff filed her complaint on 10 January 2011 alleging defendants committed medical malpractice and, alternatively, negligence under the doctrine of *res ipsa loquitur*. The complaint did not allege plaintiff's medical care had been reviewed by an expert prior to filing; however, plaintiff included a statement that she could not afford to retain an expert witness. On 9 March 2011, defendants moved to dismiss the complaint pursuant to N.C. Gen. Stat. § 1A-1, Rules 12(b)(6) and 9(j).

On 15 April 2011, the Honorable James E. Hardin, Jr. dismissed plaintiff's complaint concluding that the complaint was filed more than three years after the cause of action arose and without a valid extension of the statute of limitations; thus, plaintiff's complaint was not timely filed pursuant to N.C. Gen. Stat. §§ 1-15(c) and 1-52. In the alternative, the trial court dismissed plaintiff's complaint for failure to comply with N.C. Gen. Stat. § 1A-1, Rule 9(j), concluding that plaintiff: failed to include the expert witness certification required by Rule 9(j)(1) and (2); and did not comply with Rule 9(j)(3) as she failed to allege facts establishing negligence under the doctrine of *res ipsa loquitur*, necessitating dismissal of that claim pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6). The trial court further found that plaintiff's motion to extend the statute of limitations violated N.C. Gen. Stat. § 1A-1, Rule 11(a), concluding that plaintiff did not request the extension in good faith or for a proper purpose. Plaintiff timely filed written notice of appeal.

## Discussion

### I. Rule 9(j) Compliance

**[1]** "[A] plaintiff's compliance with [N.C. Gen. Stat. § 1A-1,] Rule 9(j) requirements clearly presents a question of law to be decided by a court, not a jury. A question of law is reviewable by this Court *de novo.*" *Phillips v. Triangle Women's Health Clinic, Inc.*, 155 N.C. App. 372, 376, 573 S.E.2d 600, 603 (2002) (internal citation omitted), *aff'd per curiam*, 357 N.C. 576, 597 S.E.2d 669 (2003).

### A. Expert Witness Certification

Plaintiff argues the trial court erred in dismissing her complaint based on her failure to comply with N.C. Gen. Stat. § 1A-1, Rule 9(j) because her complaint lacked a certification that her medical care had been reviewed by an expert witness prior to filing. We disagree.

Rule 9(j) states that a complaint alleging medical malpractice shall be dismissed unless a plaintiff asserts in her complaint that her medical care has been reviewed by a person who is willing to testify that the medical care did not comply with the applicable standard of care, and that this person must be reasonably expected to qualify as an expert witness under N.C. Gen. Stat. § 8C-1, Rule 702 or must be a person the plaintiff will seek to have qualified as an expert witness under N.C. Gen. Stat. § 8C-1, Rule 702(e). N.C. Gen. Stat. § 1A-1, Rule 9(j)(1)-(2) (2011). Alternatively, a plaintiff must allege facts establishing negligence under the doctrine of *res ipsa loquitur.* N.C. Gen. Stat. § 1A-1, Rule 9(j)(3). In order to comply with these requirements, Rule 9(j) allows the trial court to grant a party's motion to extend the statute of limitations by up to 120 days "upon a determination that good cause exists" and "that the ends of justice would be served by an extension." N.C. Gen. Stat. § 1A-1, Rule 9(j).

Here, plaintiff failed to obtain the required certification that her medical care had been reviewed by a medical expert before filing her complaint. Therefore, plaintiff's claim must be dismissed unless she alleged facts establishing negligence under the doctrine of *res ipsa loquitur,* which she failed to do, as discussed below. *See Thigpen v. Ngo*, 355 N.C. 198, 204, 558 S.E.2d 162, 166 (2002) (affirming the trial court's dismissal of the plaintiff's medical malpractice complaint for failure to include any medical expert certification in her complaint despite receiving a 120-day extension of the statute of limitations).

## B. *Res Ipsa Loquitur*

Plaintiff further argues that the trial court erred in dismissing, pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6), her claim of negligence under the doctrine of *res ipsa loquitur* as she contends Dr. Axelbank's negligence can be inferred without the benefit of expert testimony. We disagree.

A motion to dismiss a complaint pursuant to Rule 12(b)(6) "tests the legal sufficiency of the complaint. In ruling on the motion the allegations of the complaint must be viewed as admitted, and on that basis the court must determine as a matter of law whether the allegations state a claim for which relief may be granted." *Stanback v. Stanback*, 297 N.C. 181, 185, 254 S.E.2d 611, 615 (1979) (internal citation omitted). *Res ipsa loquitur* is a doctrine to be applied in those situations where

> the facts or circumstances accompanying an injury by their very nature raise a presumption of negligence on the part of [the] defendant. It is applicable when no proof of the cause of an injury is available, the instrument involved in the injury is in the exclusive control of [the] defendant, and the injury is of a type that would not normally occur in the absence of negligence.

*Bowlin v. Duke Univ.*, 108 N.C. App. 145, 149, 423 S.E.2d 320, 322 (1992).

For the doctrine to apply in a medical malpractice claim, a plaintiff must allege facts from which a layperson could infer negligence by the defendant based on common knowledge and ordinary human experience. *Diehl v. Koffer*, 140 N.C. App. 375, 378-79, 536 S.E.2d 359, 362 (2000); *see Bowlin*, 108 N.C. App. at 149-50, 423 S.E.2d at 323 (concluding that the doctrine of *res ipsa loquitur* was inappropriate where a layperson, without the benefit of expert testimony, would have no basis for concluding the physician was negligent in extracting bone marrow merely because the plaintiff's nerve was injured during the procedure); *Grigg v. Lester*, 102 N.C. App. 332, 335, 401 S.E.2d 657, 659 (1991) (holding that the doctrine of *res ipsa loquitur* did not apply in a case involving a tear in the plaintiff's uterus during a caesarean section because a layperson would not be able to determine that the force exerted by the physician during the procedure was improper or excessive). Here, a layperson would not be able to determine that plaintiff's injury was caused by Seroquel or be able to determine that Dr. Axelbank was negligent in prescribing the medication to plaintiff without the benefit of expert witness testimony.

Plaintiff argues that a jury could infer Dr. Axelbank's negligence based on the letter he allegedly sent to plaintiff following her last visit with him and based on his alleged statement that " 'she is right.' " Even though we treat plaintiff's allegations as true, Dr. Axelbank's statements to the effect that plaintiff's symptoms were caused by the drug and that he felt responsible do not give a layperson sufficient evidence to infer the doctor was negligent in prescribing Seroquel to plaintiff. It is unclear whether this type of injury ordinarily occurs without negligence by the physician, and this inquiry would require expert testimony. Furthermore, "no presumption can arise from the mere result of a treatment upon the theory that it was not satisfactory or less than could be desired, or different from what might be expected." *Mitchell v. Saunders*, 219 N.C. 178, 182, 13 S.E.2d 242, 245 (1941).

Because expert testimony is required for a jury to infer that Dr. Axelbank was negligent in prescribing the medication, plaintiff has not sufficiently alleged facts establishing negligence under the doctrine of *res ipsa loquitur*. Therefore, the trial court did not err by dismissing plaintiff's complaint.

## II. Constitutionality of Rule 9(j)

[2] Plaintiff contends the trial court erred in dismissing her argument that the certification requirement of Rule 9(j) is unconstitutional without making any findings of fact or conclusions of law to support the dismissal. However, plaintiff did not properly preserve this issue for appeal. N.C. R. App. P. 10(a)(1) (2012).

Rule 10(a)(1) requires the complaining party to obtain a ruling upon the party's timely request, objection, or motion in order to preserve an issue for appellate review. *Id.*; *see State v. Haselden*, 357 N.C. 1, 10, 577 S.E.2d 594, 600 (citing N.C. R. App. P. 10(b)(1) (now codified as N.C. R. App. P. 10(a)(1)) and declining to consider an argument that was not presented to or adjudicated by the trial court), *cert. denied*, 540 U.S. 988, 157 L. Ed. 2d 382 (2003). " 'Even alleged errors arising under the Constitution of the United States are waived if [the complaining party] does not raise them in the trial court.' " *Haselden*, 357 N.C. at 10, 577 S.E.2d at 600 (quoting *State v. Jaynes*, 342 N.C. 249, 263, 464 S.E.2d 448, 457 (1995), *cert. denied*, 518 U.S. 1024, 135 L. Ed. 2d 1080 (1996)).

Although plaintiff alleged the certification requirements of Rule 9(j) were unconstitutional in her complaint, during the hearing on defendants' motion to dismiss, plaintiff's counsel specifically stated that he was not requesting a ruling on that issue:

**SMITH v. AXELBANK**

[222 N.C. App. 555 (2012)]

THE COURT: Let me make sure I'm clear. You are not asking me to declare whether it is Constitutional or not at this point given that—

[PLAINTIFF'S COUNSEL]: At this point, no, I am not, Your Honor. However, I believe that for purposes of this hearing I will have to hand you one case I do want the Court to be aware of with respect to that, even though I'm not asking the Court to make any determination at this point of 9(j).

Because plaintiff's counsel did not request a ruling on this issue at the hearing, this issue was not properly preserved for appellate review.

## III. Remaining Issues

[3] Because we conclude the trial court did not err in dismissing plaintiff's complaint for failure to comply with the pleading requirements of N.C. Gen. Stat. § 1A-1, Rule 9(j), we need not address plaintiff's argument that the trial court erred by concluding her motion to extend the statute of limitations violated N.C. Gen. Stat. § 1A-1, Rule 11(a).[1] Similarly, we need not reach plaintiff's argument regarding whether she complied with the statute of limitations pursuant to N.C. Gen. Stat. §§ 1-15(c) and 1-52.

## Conclusion

In summary, we conclude the trial court did not err in dismissing plaintiff's complaint for failure to comply with the pleading requirements of N.C. Gen. Stat. § 1A-1, Rule 9(j) by not including the required certification in her complaint and by failing to allege facts establishing negligence under the doctrine of *res ipsa loquitur.*

AFFIRMED.

Judges GEER and BEASLEY concur.

---

1. The trial court concluded plaintiff's motion for an extension of the statute of limitations was not made in good faith or for a proper purpose because her complaint did not allege that she made a good faith effort to obtain an expert witness certification. However, we note that if plaintiff had alleged facts that established negligence under the doctrine of *res ipsa loquitur,* the extension would not have been obtained for an improper purpose. A plaintiff may seek, in good faith, an extension of the statute of limitations in order to retain an expert and yet be unable to do so. Such plaintiff should not be penalized for failing to obtain an expert witness certification and should be able to then file a claim under the doctrine of *res ipsa loquitur.*