IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-939

Filed: 1 March 2016

Wake County, No. 14 CVS 5187

DON'T DO IT EMPIRE, LLC, Plaintiff,

v.

TENNTEX, a general partnership, THE ATRIUM CONDOMINIUMS OF RALEIGH OWNERS ASSOCIATION, PETER H. GILLIS, FRANK L. GILLIS, THOMAS N. GILLIS, 112 CONDOS, LLC, CAPITAL CITY CENTER, INC., DANIEL A. LOVENHEIM, ROBERT O'HAN, ELIZABETH F. WYANT and RICHARD M. GEPHART, Defendants.

Appeal by plaintiff from order entered 31 March 2015 by Judge G. Bryan Collins in Wake County Superior Court. Heard in the Court of Appeals 26 January 2016.

*Weatherspoon & Voltz LLP, by T. Carlton Younger, III, for plaintiff-appellant.*

*Stevens Martin Vaughn & Tadych, PLLC, by Michael J. Tadych, for defendants-appellees.*

ZACHARY, Judge.

Don't Do It Empire, LLC (plaintiff) appeals from an order denying plaintiff's motion to amend its complaint and granting a motion by Tenntex, Peter H. Gillis, 112 Condos, LLC, Capital City Center, Inc., and Daniel Lovenheim (defendants) to dismiss plaintiff's complaint with prejudice. On appeal plaintiff argues that the trial court erred by considering defendants' arguments for dismissal under N.C. Gen. Stat.

§ 1A-1, Rule 41(b), on the grounds that defendants' dismissal motion was not based on Rule 41; that the trial court's dismissal of plaintiff's complaint was based on a misinterpretation of an earlier pretrial order; that the trial court erred by dismissing all of plaintiff's claims, including claims that could have been pursued without adding additional parties to plaintiff's complaint; and that the trial court abused its discretion by denying plaintiff's motion to amend its complaint and by dismissing its complaint. We conclude that the trial court did not err and that its order should be affirmed.

## I.  Factual and Procedural Background

This appeal arises from a dispute over commercial development in The Atrium condominiums, located at 112 Fayetteville Street, Raleigh. The Atrium is a three story building that consists of six units designated as residential, and two units for commercial use, one designated as an office unit and the other as a restaurant unit. Plaintiff is a North Carolina limited liability company that owns several residential units in The Atrium. Defendant Tenntex, a general partnership whose general partner is defendant Peter Gillis, is the owner of the two commercial units of The Atrium. In 2003, Tenntex incorporated defendant Atrium Condominiums of Raleigh Owners Association (ACROA), a North Carolina non-profit corporation. In 2012, Tenntex leased the restaurant unit of The Atrium to defendant Capital City Center, Inc., ("Capital City") a North Carolina corporation owned by defendant Daniel

Lovenheim. Thereafter, Capital City obtained the necessary permits to operate the Capital City Tavern in the restaurant unit of The Atrium, and began renovating the unit for use as a private club.

On 24 April 2014, plaintiff filed suit against defendants Tenntex, ACROA, Peter Gillis, and Capital City. Plaintiff's complaint generally alleged that defendants had failed to follow the requirements of N.C. Gen. Stat. § 47C-1-101 *et. seq.*, known as "The Condominium Act," that Capital City's renovation had not been approved by The Atrium's unit owners, that the construction violated plaintiff's rights as an owner of units in The Atrium, and that operation of Capital City Tavern would be incompatible with the residential use of condominium units. Plaintiff further alleged that defendants' actions had decreased the value of its condominium units and had "resulted in a cloud on the titles for the Residential Unit owners" of The Atrium. Plaintiff sought a declaratory judgment regarding the parties' rights, a temporary restraining order and preliminary injunction to stop further construction, and a permanent injunction against defendants Capital City and Tenntex. Plaintiff also brought a claim for breach of fiduciary duty against defendants Peter Gillis and ACROA.

On 13 May 2014, Judge Michael R. Morgan entered an order denying plaintiff's motion for a temporary restraining order to stop further renovation of the restaurant unit of The Atrium. On 27 May 2014, defendants Tenntex, Peter Gillis, and Capital

City filed a motion to dismiss plaintiff's complaint pursuant to N.C. Gen. Stat. § 1A-1 Rule 12(b)(6) for failure to state a claim upon which relief can be granted, and pursuant to N.C. Gen. Stat. § 1A-1 Rule 12(b)(7) for failure to join all necessary parties, on the grounds that plaintiff had not joined all of the owners of condominium units as parties. On 5 June 2014, Judge Donald H. Stephens conducted a hearing on plaintiff's motion for a preliminary injunction, and on defendants' motion to quash subpoenas served by plaintiff and for entry of a protective order. On 13 June 2014, Judge Stephens entered an order granting in part and denying in part defendant's discovery motion, and stating the following regarding plaintiff's motion for a preliminary injunction:

> IT IS THEREEORE ORDERED, ADJUDGED AND DECREED that not all of the necessary parties have been added to the Complaint and therefore the Hearing on Plaintiff's Motion for Protective Order is not ripe for determination and is therefore continued off the calendar. Plaintiff has until June 20, 2014 to amend its complaint to add additional parties. [A] hearing on plaintiff's motion for a preliminary injunction shall not be reset prior to the addition of all necessary parties.

On 9 July 2014, nineteen days after the deadline set by Judge Stephens' order, plaintiff filed its First Amended Complaint. Plaintiff's amended complaint sought relief against the defendants named in its original complaint, and added as additional defendants Frank L. Gillis and Thomas N. Gillis, partners in Tenntex; Robert O'Han, Elizabeth F. Wyant, and Richard M. Gephart, the owners of residential units in The Atrium; 112 Condos, LLC, a limited liability company which purchased the units

owned by Mr. O'Han, Ms. Wyant, and Mr. Gephart on 11 July 2014; and Daniel A. Lovenheim, the owner of Capital City and manager of 112 Condos, LLC. The amended complaint sought the same relief as plaintiff's original complaint and added a claim of tortious interference with prospective economic advantage against 112 Condos, LLC, and Peter Gillis; added a claim for private nuisance against Capital City and Mr. Lovenheim; and sought an injunction against Capital City and Mr. Lovenheim to bar these defendants from continuing to create a "private nuisance."

Plaintiff's complaint did not allege any wrongdoing by the owners of the other residential condominium units, and on 14 October 2014 plaintiff entered a voluntary dismissal without prejudice as to its claims against Mr. O'Han, Ms. Wyant, and Mr. Gephart. On the same day, plaintiff filed a motion to amend its First Amended Complaint, in order to reflect the sale of these residential units to 112 Condos, LLC.

On 19 March 2015, defendants served on plaintiff a brief in support of defendants' motion to dismiss plaintiff's complaint and defendants' opposition to plaintiff's motion to amend its complaint. Defendants' brief informed plaintiff that defendants sought to dismiss plaintiff's complaint "pursuant to Rules 5(a1), 12(6) and 41(b) of the North Carolina Rules of Civil Procedure[.]" In its brief, defendants argued that plaintiff's complaint should be dismissed either based on plaintiff's untimely compliance with Judge Stephens' order allowing plaintiff to amend its complaint, or under N.C. Gen. Stat. § 1A-1 Rule 41(b), for failure to prosecute its claims.

The trial court conducted a hearing on plaintiff's motion to amend its complaint and defendants' motion to dismiss plaintiff's complaint on 23 March 2015. During the hearing, plaintiff's counsel stated that he had received defendants' brief several days earlier, and argued to the trial court that plaintiff had diligently prosecuted its claims. On 23 March 2015, after the hearing had concluded, plaintiff provided the trial court with a hand-delivered letter and some thirty pages of accompanying documents in support of plaintiff's argument that its complaint should not be dismissed under N.C. Gen. Stat. § 1A-1, Rule 41(b) for failure to prosecute its claims. The trial court entered an order which denied plaintiff's motion to amend its complaint, and dismissed plaintiff's complaint with prejudice on 31 March 2015. Although the trial court's order does not specifically reference N.C. Gen. Stat. § 1A-1 Rule 41(b), the terms of the order make it clear, and the parties agree, that Rule 41(b) was the basis of the trial court's dismissal of plaintiff's complaint. Plaintiff appealed to this Court.

## II. Standard of Review

The question of whether defendants' dismissal motion complied with the provisions of N.C. Gen. Stat. § 1A-1 Rule 7(b)(1) is a matter of law which is reviewed *de novo*. See *N.C. Alliance for Transp. Reform, Inc. v. N.C. Dep't of Transp.*, 183 N.C. App. 466, 469, 645 S.E.2d 105, 107, *disc. review denied*, 361 N.C. 569, 650 S.E.2d 812, (2007) (noting that the issue for review "involves a question of law as to the sufficiency

of the motion; therefore, our review . . . is *de novo*"). "[W]e review a trial court's ruling on a motion to amend pleadings for abuse of discretion." *Bartlett Milling Co. v. Walnut Grove Auction & Realty Co.*, 192 N.C. App. 74, 89, 665 S.E.2d 478, 490, *disc. review denied*, 362 N.C. 679, 669 S.E.2d 741 (2008). The trial court's decision to dismiss a plaintiff's complaint under N.C. Gen. Stat. § 1A-1, Rule 41(b) is also reviewed for abuse of discretion. *Whedon v. Whedon*, 313 N.C. 200, 213, 328 S.E.2d 437, 439 (1985). It is long-established that a trial court abuses its discretion only if its determination is "manifestly unsupported by reason" and is "so arbitrary that it could not have been the result of a reasoned decision." *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985).

### III. Trial Court's Dismissal of Plaintiff's Complaint under Rule 41

Plaintiff argues first that the trial court erred by dismissing its complaint under N.C. Gen. Stat. § 1A-1, Rule 41(b)(1), on the grounds that the motion filed by defendants seeking dismissal of plaintiff's complaint did not specify Rule 41 as a basis for dismissal. We conclude that, on the facts of this case, plaintiff has not preserved this issue for appellate review.

N.C. Gen. Stat. § 1A-1, Rule 7(b)(1) (2013) provides in relevant part that "[a]n application to the court for an order shall be by motion which . . . shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought." Plaintiff correctly points out that defendants' motion for

dismissal was based on N.C. Gen. Stat. § 1A-1, Rules 12(b)(6) and 12(b)(7), for failure to state a claim for relief and failure to join all necessary parties. Defendants' motion for dismissal neither referenced Rule 41(b) nor alleged facts indicating that defendants were seeking dismissal under Rule 41. On 19 March 2015, however, defendants served plaintiff with a brief supporting their motion for dismissal, in which defendants argued that plaintiff's complaint should be dismissed under Rule 41. This was the theory that was argued by the parties at the hearing, and the trial court dismissed plaintiff's complaint based on Rule 41(b), for failure to prosecute its claims. Thus, plaintiff is correct that defendants' motion for dismissal did not correspond to its pre-hearing brief, the arguments presented at the hearing, or the trial court's ultimate ruling. This conclusion does not, however, resolve the question of whether plaintiff is entitled to any relief on the basis of the disparity between defendants' original motion and the theory that defendants pursued at the hearing.

We first note that plaintiff clearly comprehended the basis of defendants' argument for dismissal of its complaint, and availed itself of the opportunity to respond to defendants' contentions. We next address the issue of whether plaintiff properly preserved this argument for appellate review. In this regard, the facts of the instant case are similar to those of *Carlisle v. Keith*, 169 N.C. App. 674, 614 S.E.2d 542 (2005). In *Carlisle*, the defendant filed a motion for dismissal of the plaintiff's complaint pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) and Rule 12(e). Several

months later, the defendant decided to pursue dismissal of some of the plaintiff's claims based on expiration of the statute of limitations. Two days prior to a hearing on the defendant's motion, the defendant provided the plaintiff with a memorandum briefing the issue of the statute of limitations. The plaintiff filed a responsive memorandum opposing the defendant's statute of limitations argument. On appeal, the plaintiff argued that "the trial court erred by considering defendant's statute of limitations defense as to plaintiff's causes of action for fraud, negligent misrepresentation, and civil conspiracy when defendant failed to affirmatively plead such defense in his written motion." *Carlisle,* 169 N.C. App. at 685-86, 614 S.E.2d at 550. We reviewed the requirements of N.C. Gen. Stat. § 1A-1, Rule 7, but held that the plaintiff had waived his objection to the procedural defect in the defendant's motion:

> When a plaintiff responds to a motion to dismiss on the merits, and fails to notify the trial court of an objection to a procedural irregularity, he may be held to have waived that objection. Otherwise, it is the trial court which is deprived of an opportunity to remedy any error that may have existed. This Court has held that a trial court may consider a statute of limitations defense, though not raised in a motion to dismiss, when "the non-movant has not been surprised and has full opportunity to argue and present evidence on the affirmative defense."

Carlisle at 687, 614 S.E.2d at 551 (citing Thurston v. United States, 810 F.2d 438, 444 (4th Cir. 1987), and quoting *Johnson v. N.C. Dept. of Transportation,* 107 N.C. App. 63, 66-67, 418 S.E.2d 700, 702 (1992)).

The holding of *Carlisle* is in accord with the general rule governing preservation of an issue for appellate review: N.C.R. App. P. 10(a)(1) (2013) states that:

> In order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context. It is also necessary for the complaining party to obtain a ruling upon the party's request, objection, or motion.

We next review the facts of the instant case in the context of both N.C.R. App. P. 10 and the holding of *Carlisle*. On appeal, plaintiff contends that it "had no notice of any ground for dismissal other than those set forth in [defendants'] Motion." However, defendants served plaintiff with a brief arguing for dismissal under Rule 41(b) four days prior to the hearing. During the hearing plaintiff admitted that it had received this brief, yet plaintiff did not move for a continuance or argue that its notice was insufficient to allow preparation. In addition, during the hearing, plaintiff vigorously argued against dismissal of its complaint under N.C. Gen. Stat. § 1A-1, Rule 41(b). Moreover, after the hearing of 23 March 2015 concluded, plaintiff hand-delivered a letter to the trial court later the same day, accompanied by some thirty pages of supporting documents, in order to persuade the trial court not to dismiss its complaint for failure to prosecute. Plaintiff's letter begins as follows:

> Your Honor:
> After leaving the  courtroom today, I realized I should address the allegation that Plaintiff "has not engaged in

any meaningful discovery" and that Plaintiff is solely responsible for the present posture of this action. The movant has a considerable burden to show before a court may dismiss under Rule 41(b). In *Wilder v. Wilder*, 146 N.C. App. 574, 578, 553 S.E.2d 425 (2001), the Court of Appeals held that a trial court must address three factors before dismissing an action for failure to prosecute under Rule 41(b): "(1) whether the plaintiff acted in a manner which deliberately or unreasonably delayed the matter; (2) the amount of prejudice, if any, to the defendant; and (3) the reason, if one exists, that sanctions short of dismissal would not suffice." In order to rule on the extraordinary sanction of [an involuntary] dismissal with prejudice, the Court should be aware of the following facts, which Plaintiff submits results in no unreasonable delay or prejudice to either party:

The remainder of plaintiff's letter elaborated on its contention that its complaint was not subject to dismissal under Rule 41(b). We conclude that plaintiff availed itself of a full opportunity to respond to defendants' motion on the merits.

We further conclude that plaintiff failed to comply with the requirements of N.C.R. App. P. 10 for preservation of issues for appellate review. At one point during the hearing, plaintiff commented on the fact that defendants were arguing for dismissal on a different ground from that stated in their motion to dismiss:

PLAINTIFF: Their motion to dismiss, by the way, is under Rule 6 and Rule 7, not under Rule 41. Obviously the Court can have its own discretion regarding that, but their initial motion was under Rules -- I'm sorry. 12(b)(6) and 12(b)(7) and not under 41. Today -- and I received a motion or amendment on Thursday saying that they moved from Rule 12(b)(6) and 12(b)(7) over to Rule 41 for failure to prosecute. That is not their motion that they filed. Their motion is under 12(b)(6), 12(b)(7). That's not what they're arguing. They're arguing 41. One, I don't think they can do

- 11 -

that, and then two, I don't think they can establish (inaudible).

These were plaintiff's only statements on this issue. Even if we were to generously construe plaintiff's offhand comment that "I don't think they can do that" to be an objection to the trial court's consideration of dismissal under Rule 41, plaintiff failed to pursue the matter or "to obtain a ruling upon the party's request, objection, or motion," as required by N.C.R. App. P. 10.

> The requirement expressed in Rule 10[(a)] that litigants raise an issue in the trial court before presenting it on appeal goes "to the heart of the common law tradition and [our] adversary system." This Court has repeatedly emphasized that Rule 10[(a)] "prevent[s] unnecessary new trials caused by errors . . . that the [trial] court could have corrected if brought to its attention at the proper time." . . . Rule 10[(a)] thus plays an integral role in preserving the efficacy and integrity of the appellate process. We have stressed that Rule 10[(a)](1) "is not simply a technical rule of procedure" but shelters the trial judge from "an undue if not impossible burden."

*Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.*, 362 N.C. 191, 195, 657 S.E.2d 361, 363 (2008) (quoting *Pfeifer v. Jones & Laughlin Steel Corp.*, 678 F.2d 453, 457 n.1 (3d Cir. 1982), *vacated and remanded on other grounds*, 462 U.S. 523, 103 S. Ct. 2541, 76 L. Ed. 2d 768 (1983), *Wall v. Stout*, 310 N.C. 184, 188-89, 311 S.E.2d 571, 574 (1984), and *State v. Black*, 308 N.C. 736, 740, 303 S.E.2d 804, 806 (1983)) (other citations omitted). In the present case, plaintiff actively participated in the hearing on defendants' motion to dismiss without moving for a continuance or objecting to the trial court's consideration of Rule 41 as a basis for dismissal. It was only after

plaintiff lost at the trial level that it has pursued the argument on appeal that the trial court lacked authority to base its dismissal on Rule 41. We hold that plaintiff failed to preserve this issue for appellate review.

### IV. Relationship of Dismissal Order to Earlier Pretrial Order

On 13 June 2014, Judge Stephens entered an order requiring plaintiff to file an amended complaint adding all of the necessary parties no later than 20 June 2014. Plaintiff failed to comply with this order and filed its amended complaint on 9 July 2014, nineteen days after the deadline expressed in the order. In addition, plaintiff's amended complaint failed to add all necessary parties, leading plaintiff to move for leave to file a second amended complaint. On appeal, plaintiff argues that the trial court's order dismissing its complaint "is flawed and should be reversed because it misinterprets the prior June 2014 Order and imposes more stringent sanctions than the prior June 2014 Order required." Plaintiff contends that the trial court erred when it "dismissed the entire case based upon [plaintiff's] failure to comply with the prior June 2014 Order[.]" This argument is without merit.

The premise of plaintiff's argument, that the trial court dismissed its complaint as a sanction for plaintiff's delay in filing an amended complaint, is not supported by the provisions of the trial court's order, which states in relevant part that:

> This Cause being heard before the undersigned [judge]
> presiding at the March 23, 2015 [session] of Wake County
> Superior Court upon the duly calendared Motion to Amend
> by Plaintiff Don't Do It, Empire, LLC, and Motion to

- 13 -

Dismiss by Defendants Tenntex, Peter H. Gillis, 112 Condos, LLC, Capital City Center, Inc., and Daniel A. Lovenheim. . . . Defendants The Atrium Condominiums of Raleigh Owners Association, Frank L. Gillis and Thomas N. Gillis have not been served with a summons and complaint in this matter and thus, did not appear. . . . Having considered all the arguments of counsel, reviewed the entire file, Defendants' Brief in Support of Defendants' Motion to Dismiss and in Opposition to Plaintiff's Motion to Amend and its attachments and Mr. Austin's letter to the Court dated March 23, 2015, and its attachments, the Court finds:

(1) That on June 11, 2014, Judge Stephens ordered Plaintiff to amend its complaint to add additional parties by June 20, 2014. Plaintiff filed its amendment on July 9, 2014.

(2) That the Plaintiff has acted in a manner which has deliberately and unreasonably delayed this matter, including but not limited to:

a. failing to join all necessary parties in the first place,

b. failing to serve some of the defendants, and

c. failing to timely comply with discovery;

(3) That Plaintiffs actions have created a high degree of prejudice to the Defendants; and

(4) That the Court has considered sanctions short of dismissal with prejudice but finds that none of them suffice as Plaintiff has:

a. demonstrated its willingness to deliberately delay this action in an apparent effort to drive up costs for defendants;

b. made clear that it has no intention of cooperating with or conducting discovery or moving the lawsuit forward in any meaningful way; and

c. failed or refused to comply with the Court's June 11, 2014, order to timely amend and move the case forward.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that:

(1) The Motion to Amend is DENIED for undue delay and undue prejudice in light of Judge Stephens' June 11, 2014, Order.

(2) The Motion to Dismiss is GRANTED.

(3) The action is dismissed WITH PREJUDICE.

Plaintiff has failed to offer any argument in support of its contention that the trial court's dismissal of its complaint was "based upon [plaintiff's] failure to comply with the prior June 2014 Order." Our review of the trial court's order indicates that plaintiff's complaint was dismissed, as plaintiff argues elsewhere in its appellate brief, pursuant to Rule 41(b), based upon the trial court's determination that plaintiff had failed to prosecute its action. Plaintiff's failure to comply with Judge Stephens' order was simply noted as factual evidence of plaintiff's unreasonable delay in prosecuting the case. Plaintiff is not entitled to relief on the basis of this argument.

V.  Relationship of Dismissal Order to Plaintiff's Failure to Add Necessary

Parties to its Complaint

In its next argument, plaintiff contends that the trial court erred "by dismissing Plaintiff's separate claims against individual parties based upon

- 15 -

[plaintiff's] failure to add necessary parties." Plaintiff argues that the trial court erred by dismissing its complaint in its entirety, on the grounds that some of the claims stated in its complaint might have proceeded without the addition of parties who were necessary for the litigation of other claims. This argument appears to rely on the premise that the trial court's decision to dismiss plaintiff's complaint was based on its failure to add all necessary parties. As discussed above, the basis of the trial court's dismissal of plaintiff's complaint was the trial court's determination that plaintiff had intentionally failed to prosecute its action and had unreasonably delayed the litigation of this matter. Plaintiff's failure to properly and promptly serve all necessary parties was evidence of plaintiff's recalcitrance, but was not the legal basis of the trial court's order. This argument is without merit.

### VI. Trial Court's Exercise of Discretion

In its last two arguments, plaintiff asserts that the trial court abused its discretion by dismissing its complaint pursuant to Rule 41, and by denying its motion to amend its complaint. Plaintiff contends generally that the trial court's findings and conclusions are "contrary to the record." In support of its position, plaintiff directs our attention to evidence that might have supported a result more favorable to plaintiff. It is axiomatic that " 'it is within a trial court's discretion to determine the weight and credibility that should be given to all evidence that is presented during the trial.' We will not reweigh the evidence presented to the trial court[.]" *Clark v.*

- 16 -

*Dyer*, __ N.C. App. __, __, 762 S.E.2d 838, 848 (2014) (quoting *Phelps v. Phelps*, 337 N.C. 344, 357, 446 S.E.2d 17, 25 (1994)), *cert. denied*, __ N.C. __, 778 S.E.2d 279 (2015). Plaintiff also renews its argument that the trial court "improperly considered" arguments related to plaintiff's failure to prosecute its case and the prejudice that resulted to defendants. We have determined that plaintiff failed to preserve this issue for review. We conclude that plaintiff has failed to establish that the trial court abused its discretion either by denying its motion to amend, or by dismissing its complaint.

For the reasons discussed above, we conclude that the trial court did not err and that its order should be

AFFIRMED.

Judges BRYANT and DILLON concur.