IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-351

Filed 21 February 2023

Guilford County, No. 21 CVD 1174

JESSE GUERRA, Plaintiff,

v.

HARBOR FREIGHT TOOLS, Defendant.

Appeal by Plaintiff from judgment entered 23 November 2021 by Judge Larry Archie in Guilford County District Court.  Heard in the Court of Appeals 2 November 2022.

*Jesse Guerra, Plaintiff-Appellant pro se.*

*Lincoln Derr PLLC, by R. Jeremy Sugg, for the Defendant-Appellee.*

WOOD, Judge.

Jesse Guerra ("Plaintiff") appeals from the 23 November 2021 judgment of the district court dismissing his appeal and reinstating the judgment of the magistrate. Because Plaintiff has failed to properly preserve the issues raised in his brief for appellate review in violation of our North Carolina Rules of Appellate Procedure, we dismiss the appeal.

## I.    Factual and Procedural Background

On 28 September 2019, Plaintiff visited one of Harbor Freight Tools' ("Defendant") establishments with the intent of buying a crowbar for various

household repairs. When Plaintiff reached for the crowbar located on a shelf system, the overhead metal span of the shelving system fell on top of Plaintiff. Plaintiff suffered injuries to his face and left hand. On 22 September 2021, Plaintiff filed a complaint for money owed against Defendant in small claims court. Plaintiff's complaint alleged that he was owed $10,000 as a result of "[d]amage to the Plaintiff's [p]roperty or caused injury to the Plaintiff."

Pursuant to a judgment entered on 14 October 2021, a magistrate determined that Plaintiff had "failed to prove the case by the greater weight of the evidence" and ordered that the "action be dismissed with prejudice." On 20 October 2021, Plaintiff filed a notice of appeal to district court and requested trial before a jury. On 5 November 2021, the trial court coordinator filed a calendar request for a bench trial of Plaintiff's appeal and issued a notice of hearing for 23 November 2021. Defendant filed an answer on 19 November 2021 denying all allegations in Plaintiff's complaint and asserted contributory negligence as an affirmative defense. On the day of trial, Plaintiff, acting *pro se*, served Defendant with a "Motion for Discovery" via hand delivery. Plaintiff's motion listed nine categories of items, the "release" of which Plaintiff requested including Defendant's insurance agreements, photos taken by Defendant's employees of Plaintiff's injuries, and any video recordings from Defendant's store's cameras capturing the incident in question. When the case was called for trial, Plaintiff appeared *pro se*. He did not ask for a continuance, nor raise an objection to proceeding with a bench trial instead of his previously requested jury

trial.

During Plaintiff's case-in-chief, he referenced his motion for discovery. However, Plaintiff did not request a ruling on the motion, and the trial court did not render one. Plaintiff further stated to the trial court that he wanted "to get discovery" of a surveillance video of the incident in question.

In response, the trial court informed Plaintiff that if the discovery he sought had not already been produced, it was not going to be produced during trial. Plaintiff also attempted to introduce email "communication[s] from [Defendant's] claim specialist, addressing that there was a claim and then that [Defendant] denied it." Defense counsel objected to these email communications based on hearsay and as a statement made to compromise a claim pursuant to Rule 408 of the North Carolina Rules of Evidence. The trial court sustained Defendant's objection. In response to the trial court's ruling, Plaintiff explained to the court, "this was the denial of the claim, so I'm -- I was hoping that this would not fall under some sort of [exception]." The trial court then looked at the physical copies of the communications from Plaintiff to determine whether the documents were in fact admissible, but did not change or modify its ruling on Defendant's objection.

At the close of the evidence, the trial court determined Plaintiff had not proven his case by the greater weight of the evidence. Thus, the trial court dismissed Plaintiff's appeal and reinstated the judgment of the magistrate. Plaintiff filed a written notice of appeal on 20 December 2021 but did not specify in his notice the

court to which he was appealing.

## II.    Appellate Jurisdiction

Defendant filed a motion to dismiss Plaintiff's appeal due to several violations of the North Carolina Rules of Appellate Procedure.  Defendant argues Plaintiff: (1) failed to designate in his written notice of appeal the court to which appeal was taken, a violation of Rule 3(d); (2) violated Rule 7 (b)(3) and (4) by failing to complete or serve an Appellate Division Transcript Documentation form upon Defendant; (3) violated Rule 9(a)(1), by failing to include in the Record on Appeal a copy of any Appellate Division Transcript Documentation form; and, (4) failed to identify an applicable standard of review for any of his arguments, thereby violating Rule 28(b)(6).

Even if we were able to get beyond the jurisdictional defect under Rule 3(d) and the other appellate rules violations in Plaintiff's appeal, we are, nonetheless, unable to reach the merits of Plaintiff's arguments as he failed to properly preserve for appellate review any of the issues raised in his brief.  Thus, we dismiss the appeal. *See Lake Colony Constr., Inc. v. Boyd*, 212 N.C. App. 300, 312, 711 S.E.2d 742, 750 (2011*); Lake Toxaway Cmty. Ass'n v. RYF Enters., LLC*, 226 N.C. App. 483, 493, 742 S.E.2d 555, 562 (2013).

## III.    Analysis

"[R]ules of procedure are necessary in order to enable the courts properly to discharge their duty of resolving disputes." *Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.*, 362 N.C. 191, 193, 657 S.E.2d 361, 362 (2008) (citation and internal

quotation marks omitted). "It necessarily follows that failure of the parties to comply with the rules, and failure of the appellate courts to demand compliance therewith, may impede the administration of justice." *Id.* Rule 10(a)(1) of the North Carolina Rules of Appellate Procedure states, "in order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context." N.C. R. App. P. 10(a)(1). The preservation of an issue for appellate review also requires "the complaining party to obtain a ruling upon the party's request, objection, or motion." *Id.*

"The requirement expressed in Rule 10[(a)] that litigants raise an issue in the trial court before presenting it on appeal goes 'to the heart of the common law tradition and [our] adversary system.'" *Don't Do It Empire, LLC v. Tenntex,* 246 N.C. App. 46, 54, 782 S.E.2d 903, 908 (2016) (citation omitted). Rule 10(a)(1) "is not simply a technical rule of procedure but shelters the trial judge from an undue if not impossible burden." *Id.* (cleaned up). Thus, due to the "practical considerations promoted by the waiver rule, a party's failure to properly preserve an issue for appellate review ordinarily justifies the appellate court's refusal to consider the issue on appeal." *Dogwood Dev. & Mgmt. Co., LLC*, 362 N.C. at 195-96, 657 S.E.2d at 364 (citations omitted).

## A. Plaintiff's demand for a jury trial.

First, Plaintiff contends the trial court "erred in proceeding with a bench trial"

as his appeal to the district court included a written demand for a jury trial. We disagree.

While "[t]he right to a jury trial is a substantial right of great significance[,]" this right may be waived by a party. *Mathias v. Brumsey*, 27 N.C. App. 558, 560, 219 S.E.2d 646, 647 (1975). Although Plaintiff's appeal explicitly requested a jury trial, the record reveals that Plaintiff appeared at the trial, participated in the bench trial, and did not raise this objection before the trial court.

We agree with Defendant that "[w]hen the appellant fails to raise an argument at the trial court level, the appellant 'may not . . . await the outcome of the [trial court's] decision, and, if it is unfavorable, then attack it on the ground of asserted procedural defects not called to the [trial court's] attention.'" *Global Textile All., Inc. v. TDI Worldwide, LLC*, 375 N.C. 72, 79, 847 S.E.2d 30, 35 (2020) (citation omitted). As it is "well settled that an error, even one of constitutional magnitude, that [a party] does not bring to the trial court's attention is waived and will not be considered on appeal[,]" we dismiss Plaintiff's argument because it has not been properly preserved for review. *State v. James*, 226 N.C. App. 120, 127, 738 S.E.2d 420, 426 (2013) (citation omitted).

## B. Trial court's ruling on evidence as settlement communications.

Next, Plaintiff argues that the trial court "erred in its application of privileged settlement communication and in its sustaining defense counsel's objection to [Plaintiff's] introduction of email communication." In response, Defendant contends

that Plaintiff also has not preserved this particular issue for appeal as "he made no offer of proof as to what the . . . [c]ommunication would have shown, or otherwise shown that a different result would have been reached" if the communication was admitted. We agree with Defendant.

"[I]n order for a party to preserve for appellate review the exclusion of evidence, the significance of the excluded evidence must be made to appear in the record and a specific offer of proof is required unless the significance of the evidence is obvious from the record." *State v. Raines*, 362 N.C. 1, 20, 653 S.E.2d 126, 138 (2007) (citation omitted). If a party fails to provide an adequate offer of proof, the appellate court "can only speculate" as to what the excluded evidence would have shown. *State v. Jacobs*, 363 N.C. 815, 818, 689 S.E.2d 859, 861-62 (2010) (citation omitted).

Here, the settlement communication does not appear in the record before us, and Plaintiff does not attempt to explain the significance of the excluded evidence by any document within the record. According to the transcript, the communication in question was from Defendant's claims specialist, who allegedly addressed that "there was a claim and then that they denied it." Because Plaintiff made no offer of proof as to what the communication would have shown, we can only speculate as to the significance of the evidence. Therefore, we must conclude Plaintiff has failed to preserve this issue for appellate review. This argument is dismissed.

## C. Plaintiff's request for discovery.

Finally, Plaintiff challenges the trial court's "ruling on discovery material from

[Defendant]" and argues that he "motioned the court to step in and the court permitted other parties to be decision makers." In turn, Defendant argues "there was no ruling on [Plaintiff's] [m]otion for [d]iscovery," such that "there is nothing for this Court to review."

Although Plaintiff filed a motion for discovery before the court hearing and brought this motion to the trial court's attention during the trial, the transcript shows there was neither a hearing on this motion nor a ruling on it. Rule 10 of the North Carolina Rules of Appellate Procedure requires an appellant to obtain a ruling upon a motion for an issue to be preserved for appeal. N.C. R. App. P. 10(a)(1). Because Plaintiff "did not request a ruling on this issue at the hearing, this issue was not properly preserved for appellate review." *Smith v. Axelbank*, 222 N.C. App. 555, 561, 730 S.E.2d 840, 844 (2012). Thus, Plaintiff's argument is dismissed.

## IV.  Conclusion

Although we recognize the difficult challenges a *pro se* litigant and appellant encounters when navigating the rules and procedures of our legal system, our Rules of Appellate Procedure equally "apply to everyone—whether acting *pro se* or being represented by all of the five largest firms in the state." *Bledsoe v. County of Wilkes*, 135 N.C. App. 124, 125, 519 S.E.2d 316, 317 (1999). Because of Plaintiff's failure to properly preserve and present any of his arguments for appellate review, we dismiss his appeal.

DISMISSED.

Judges TYSON and MURPHY concur.